Samuel Ray HILL, Appellant,

v.

The STATE of Texas, Appellee.

No. 46066.

Court of Criminal Appeals of Texas.

April 18, 1973.

Rehearing Denied May 16, 1973.

Jacko Hargrove, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and James C. Larkin, Jr., Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for murder; the punishment 75 years imprisonment.

The sufficiency of the evidence is challenged by ground of error number three.

An accomplice witness who was a juvenile testified that he, another juvenile and the appellant planned to commit a robbery. Armed with two pistols the youths drove to a service station, but, being apprehensive that their plan to commit a robbery at the station was suspected, they went on to a Gulf service station at another location. There the lone attendant sold them a tire. The accomplice witness said that while he

was in the car his companions robbed and shot the attendant. The attendant was found dead at the station a short time later. His death resulted from a gunshot wound.

A slug recovered from the body of the service station attendant was shown by ballistics tests to have been fired from a pistol found in possession of the appellant when he was arrested.

The appellant's own testimony placed him at the scene of the robbery and murder. His testimony was substantially the same as the accomplice witness except that he testified that it was he and not the accomplice witness who was in the car at the time the attendant was shot. He testified he had no knowledge that the attendant would be robbed until after he heard the shooting. The appellant acknowledged he received $17.00 from the proceeds of the robbery.

The testimony of the accomplice witness is sufficiently corroborated and the evidence is amply sufficient to sustain the conviction.

■ Ground of error number one urges the failure to grant a mistrial was error when it was discovered a juror had prior knowledge of the case.

After three witnesses had testified, one of the jurors made it known to the court and counsel that she might have some prior knowledge of the case. The testimony of the juror was taken outside the presence of the other jurors. Although not fully developed, it appears that after some of the testimony the juror's memory was refreshed. She lived in the neighborhood where the Gulf service station was located. Near the time that the attendant had been killed, the juror's son had told her he had

on several occasions purchased "cokes" at the station from that attendant. She had not known the attendant and she had not read any newspaper accounts of the robbery and murder.

The record does not show that the juror concealed any knowledge prior to selection as a juror when questioned by counsel on voir dire examination or that the juror was prejudiced or biased against the accused. See Swap Shop v. Fortune, 365 S. W.2d 151 (Tex.Sup.Ct.1963).

The trial court did not err in failing to grant a mistrial and in permitting the juror to continue to serve.

■ Ground of error number two complains that the court commented on the weight of the evidence.

The accomplice witness had testified to a conversation concerning plans for the robbery which took place prior to the robbery and murder. An objection was made that testimony about this conversation was inadmissible because it was hearsay. The court commented: "I don't know if it is or not, counsel." This did not constitute a comment on the weight of the evidence but merely indicated that it had not been made clear whether the appellant was present when the statement was made and whether or not it was hearsay. No error is shown.

Grounds of error four and eight complain of jury misconduct.

The appellant argues under these grounds of error that questions asked by the jury during its deliberation show misconduct.[1] The questions asked by the jury do not of themselves reflect misconduct.

■ The affidavit of one juror was attached to the motion for new trial and was

---

1. The jury's questions, submitted during these deliberations, were:
    "If we find him not guilty of murder can he be tried as an accomplice to murder later?" "What are Ralph Johnson and Red Hogan convicted of?"

"Will they be tried for murder later as adults?"
The court answered these questions by referring the jury to the charge which had already been submitted to them.

introduced into evidence. It expressed her doubt as to the appellant's guilt. It also stated the juror and possibly two other jurors had a misconception of the law. They believed that the jury would determine the punishment to be assessed and they thought if they found him guilty they "would be giving him a few years for the purpose of rehabilitating him." This does not reflect misconduct but appears to be an attempt to impeach the jury's verdict and does not show error. See Adams v. State, 481 S. W.2d 884 (Tex.Cr.App.1972); Fontenot v. State, 426 S.W.2d 861 (Tex.Cr.App.1968); Gonzales v. State, 398 S.W.2d 132 (Tex. Cr.App.1966).

 Ground of error number five asserts that Article 37.07, Vernon's Ann.C.C. P. which permits the court rather than the jury in some cases to assess punishment, is unconstitutional.

The appellant here did not elect, prior to trial, in the event of a conviction, to have the jury assess punishment. The constitutional right to a trial by jury in a criminal case does not include the right to have the jury assess punishment. Hall v. State, 475 S.W.2d 778 (Tex.Cr.App.1972); Green v. State, 474 S.W.2d 212 (Tex.Cr.App.1971) and Martin v. State, 452 S.W.2d 481 (Tex.Cr.App.1970).

It is the contention in the sixth ground of error that the punishment assessed by the court is excessive, cruel and unusual.

The punishment assessed is less than death and within the range of punishment provided for the offense of murder. Article 1257, Vernon's Ann.P.C. We hold that such punishment is not cruel and unusual within the constitutional prohibition. Samuel v. State, 477 S.W.2d 611–(Tex.Cr.App. 1972) and Sills v. State, 472 S.W.2d 119 (Tex.Cr.App.1971).

Counsel's suggestion in the remaining ground of error that he may not have rendered effective assistance of counsel does

not merit further discussion other than to say a study of the record reveals the appellant was vigorously represented by appointed counsel.

The judgment is affirmed.

Opinion approved by the Court.