Opinion issued March 29, 2007 
     










In The
Court of Appeals
For The
First District of Texas




NO. 01-06-00202-CR




SUNDAY OLUWATOYIN AJISEBUTU, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 263rd District Court
Harris County, Texas
Trial Court Cause No. 1056026




O P I N I O N

          A jury found appellant, Sunday Oluwatoyin Ajisebutu, guilty of money
laundering funds in excess of $100,000, a first-degree felony, and assessed his
punishment at 60 years in prison.


 See Act of May 26,1993, 73rd Leg., R.S., ch. 761,
§ 2, 1993 Tex. Gen. Laws 2966, 2967 (amended 2005) (current version at Tex. Pen.
Code Ann. §§ 34.02 (Vernon Supp. 2006)). We determine whether appellant’s
sentence constituted cruel and unusual punishment violating constitutional and
statutory provisions. We affirm.Background
           From January 1, 2001 through May 9, 2005, appellant used the personal
information, including names and social security numbers, of Susanne Nink, Otto
Harrison, Nyet Hue, Dawn Holmes, Erik Reyna, Guy Duc Nguyen, Bradford Bryant,
Lee Lin, Henry Ennis, Paul White, Sean Pellegrino, and Donald Thacker to open
credit card, bank, and telephone accounts without their permission. Appellant used
these unauthorized accounts to purchase clothes, watches, computers, home-
improvement items, electronics, and small appliances in an amount totaling
approximately $172,000.00. He was charged by indictment with money laundering
funds in excess of $100,000. A jury found appellant guilty as charged in the
indictment and, after a punishment hearing, assessed his punishment at 60 years in
prison. Appellant filed a motion for new trial on March 7, 2006 and an amended
motion was filed on March 31, 2006, in which he asserted, among other complaints,
that “[a]ppellant’s punishment of incarceration for a period of sixty years is excessive
and violates the prohibition against cruel and unusual punishment.” The trial court
overruled appellant’s motion for new trial.
          Cruel and Unusual Punishment
          In three issues, appellant argues that “the sixty-year sentence assessed against
him constitutes cruel and unusual punishment, in violation of the Eighth Amendment
of the United States Constitution, Section 13 of the Texas Constitution and Article
1.09 of the Texas Code of Criminal Procedure. [Appellant] argues that the sentence
is excessive and disproportionate to the offense committed.” (Citations omitted.) See
U.S. Const. amend. VIII; Tex. Const. art. I, § 13; Tex. Code Crim. Pro. § 1.09
(Vernon 2005). The State contends that appellant waived his right to allege that his
punishment “would subject him to unconstitutionally excessive or disproportional
punishment under either the Constitution of [the] United States or Texas or any
statute” because he “did not make a timely objection at or prior to the time his
punishment was assessed or at sentencing.”
A.      Preservation
          Appellant filed a timely amended motion for new trial on March 31, 2006 in
which he asserted, without citation to any constitutional or statutory provisions, that
“[appellant’s] punishment of incarceration for a period of sixty years is excessive and
violates the prohibition against cruel and unusual punishment.” On appeal, appellant
argues that his punishment was cruel and unusual in violation of the Eighth
Amendment of the United States Constitution, section 13 of the Texas Constitution,
and article 1.09 of the Texas Code of Criminal Procedure. Additionally, appellant
“urges this Court to find that the difference in the language of the Texas Constitution
affords greater constitutional protection than the [United States] Constitution.” 
Section 13 of the Texas Constitution and article 1.09 of the Texas Code of Criminal
Procedure prohibit “cruel or unusual punishment,” while the Eighth Amendment of
the United States Constitution prohibits “cruel and unusual punishment.”


 
          Rule 33.1 of the Texas Rules of Appellate Procedure provides that in order 
properly to preserve a complaint for appellate review, a timely request, objection, or
motion must have been made to the trial court “stat[ing] the grounds for the ruling
that the complaining party sought from the trial court with sufficient specificity to
make the trial court aware of the complaint, unless the specific grounds were apparent
from the context.” Tex. R. App. P. 33.1(a)(1)(A). “A number of cases deal with the
sufficiency of imprecise objections, but because one must look to the context of each
case in order to see if the ground of the objection was apparent, we must look at each
situation individually as it arises.” Heidelberg v. State, 144 S.W.3d 535, 538 (Tex.
Crim. App. 2004). Regardless, those cases still provide instructive guidance. Id. 
          To determine whether appellant’s general objection of “cruel and unusual
punishment” in his motion for new trial preserved his general objection based on
federal and state constitutional and statutory grounds, we consider other cases
considering the sufficiency of imprecise objections. 
 
          In Heidelberg v. State, the Court of Criminal Appeals addressed whether a
defendant’s running objection at trial, which expressly stated the federal constitution
as the basis for his objection, was sufficient to preserve an appellate challenge based
on state constitutional grounds. Id. at 536–37. The Heidelberg court held that
presenting a claim based solely on federal grounds is not sufficient to put the trial
court on notice of claims based on state grounds, unless the state ground is apparent
from the context. Id. at 538. The Heidelberg court considered the following factors
in determining whether the defendant’s ground for objection was apparent: (1) the
context and substance of the question to which the defendant objected, i.e. whether
the State’s question referred to pre-arrest silence, post-arrest and pre-Miranda silence,
or post-arrest and post-Miranda silence;


 (2) the defendant’s citation to any state
constitutional provision specifying the grounds on which he was objecting; and (3)
the trial court’s comments regarding the objection. Id. at 542–43. The Heidelberg
court held that the defendant’s federal constitutional objection was not sufficiently
specific to put the trial court on notice of his state constitutional objection because
it was not apparent from the context of the situation that the defendant was objecting
to improper questions concerning his post-arrest, pre-Miranda right to silence
protected by the state constitution. Id; see Cantu v. State, 994 S.W.2d 721, 732–33
(Tex. App.—Austin 1999, pet. dism’d) (holding that defendant did not preserve state
constitutional challenge to expert’s testimony at punishment hearing because
defendant relied exclusively on federal cases in arguing for exclusion of expert’s
testimony); see Barnum v. State, 7 S.W.3d 782, 794 (Tex. App.—Amarillo 1999, pet.
ref’d ) (stating that defendant did not preserve state constitutional challenge to his
right to confront witnesses against him because defendant’s objection asserted only
federal constitution as grounds).
          In Wyborny v. State, the defendant failed to state any grounds for the objection
to the State’s question; however, the State’s question specifically referenced an event
that occurred post-arrest and pre-Miranda. Id., 209 S.W.3d 285, 288, 290 (Tex.
App.—Houston [1st Dist.] 2006, no pet.). This Court held that the specificity of the
State’s question cured the defendant’s failure to state the Texas Constitution as
grounds; thus, the defendant’s objection preserved the state constitutional challenge
for appeal. See id. at 290. The court explained, “[T]he objection was specific enough
to have put the trial court on notice of [defendant’s complaint].” Id; see Lankston v.
State, 827 S.W.2d 907, 910–11 (Tex. Crim. App. 1992) (holding that error was
preserved by running objection because of defendant’s immediate objection to State’s
specific question, in combination with trial court’s comments showing that it
understood nature of defendant’s objection); Samuel v. State, 688 S.W.2d 492,
495–96 (Tex. Crim. App. 1985) (holding that error was preserved when defendant
objected to question regarding defendant was “under arrest” immediately following
question about post-arrest event sufficient to put trial court on notice of appellant’s
state constitutional grounds for objection); Coleman v. State, 644 S.W.2d 116, 119
(Tex. App.—Austin 1982, pet. ref’d) (holding that defendant’s general objection to
State’s specific questions regarding defendant’s failure to appear before grand jury
was sufficient to put trial court on notice of objection based on defendant’s
constitutional right to remain silent). 
          Here, appellant made no objection at his punishment hearing and did not cite
to either a federal or state constitutional provision in his motion for new trial. 
Instead, appellant objected to his 60-year sentence by stating only, “[Appellant’s]
punishment of incarceration for a period of sixty years is excessive and violates the
prohibition against cruel and unusual punishment.” (Emphasis added.) Thus,
although appellant recognizes a difference in the language of the state and federal
constitutions and argues that he is entitled to greater protection under the state
constitution and statute based on the disjunctive language of the State statute and
constitution, he objected only using the conjunctive language of the federal
constitution.
          We cannot conclude that appellant’s state constitutional and statutory grounds
were apparent from the context in these circumstances. See Heidelberg, 144 S.W.3d
at 542–43; Cantu, 994 S.W.2d at 732–33; Barnum, 7 S.W.3d at 794. Considering
appellant’s general objection, which did not state any specific constitutional or
statutory provision, and his argument on appeal regarding the differences between the
language of the federal and state provisions regarding cruel and unusual punishment,
we hold that appellant has not preserved his challenge under section 13 of the Texas
Constitution and article 1.09 of the Texas Code of Criminal Procedure. See
Heidelberg, 144 S.W.3d at 542–43; Cantu, 994 S.W.2d at 732–33; Barnum, 7 S.W.3d
at 794. 
B.      Merits
          Assuming, without deciding, that appellant’s objection in his motion for new
trial sufficiently preserved his Eighth Amendment complaint for review,


 we address
the merits of appellant’s argument regarding whether appellant’s sentence amounts
to cruel and unusual punishment in violation of the Eighth Amendment of the United
States Constitution. See U.S. Const. amend. VIII.
          Generally, a sentence within the statutory range of punishment for an offense
will not be held cruel or unusual under the Constitution of either Texas or the United
States. Harris v. State, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); Hill v. State,
493 S.W.2d 847, 849 (Tex. Crim. App. 1973) (holding that 75-year sentence was not
cruel or unusual because it was within statutory range); Baldridge, 77 S.W.3d at
893–94. Here, appellant was convicted of money laundering an amount in excess of
$100,000, a first-degree felony at the time of appellant’s original indictment. See
Tex. Pen. Code Ann. §§ 34.01, 34.02 (e)(3). The statutory range of punishment for
a first degree felony offense is five to 99 years or life and a fine not to exceed
$10,000. Tex. Pen. Code Ann.§12.32 (Vernon 2003). 
          Although appellant’s punishment was assessed within the statutory range, he 
argues that there should be a comparison of sentences utilized to determine if his 60-year sentence is grossly disproportionate in violation of the Eighth Amendment of the
United States Constitution. Specifically, appellant argues that “[a]ppellant’s
punishment of incarceration for sixty years is the functional equivalent of
incarceration for life and is excessive in light of the nature of the offense of money
laundering itself.” 
          In support of his contention that the 60-year sentence imposed upon him
constitutes cruel and unusual punishment, appellant cites to Solem v. Helm, 463 U.S.
277, 290, 103 S. Ct. 3001, 3009 (1983). In Solem, the Supreme Court held that
criminal sentences must be proportionate to the crime and that even a sentence within
the statutorily prescribed range may violate the Eighth Amendment. Id. The Court
also stated, however, that “[r]eviewing courts . . . should grant substantial deference
to the broad authority that legislatures necessarily possess in determining the types
and limits of punishments for crimes, as well as to the discretion that trial courts
possess in sentencing convicted criminals.” Id. The Court set forth three objective
criteria by which reviewing courts should analyze proportionality claims. They are:
“(i) the gravity of the offense and the harshness of the penalty; (ii) the sentences
imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed
for commission of the same crime in other jurisdictions.” Id., 463 U.S. at 292, 103 S.
Ct. at 3011. 
          In conducting an Eighth Amendment proportionality analysis, we first make
a threshold comparison of the offense against the severity of the sentence, judging the
gravity of the offense in light of the harm caused or threatened to the victim or society
and the culpability of the offender. Culton v. State, 95 S.W.3d 401, 403 (Tex.
App.—Houston [1st Dist.] 2002, pet. ref’d); Moore v. State, 54 S.W.3d 529, 542
(Tex. App.—Fort Worth 2001, pet. ref’d). Only upon determining that the sentence
is grossly disproportionate to the offense do we need to consider the other two factors
from Solem. Solem, 463 U.S. at 292, 103 S. Ct. at 3011. 
          Here, appellant was convicted of the first-degree felony for money laundering
funds belonging to 12 individuals in an amount totaling approximately $172,000.00. 
Appellant committed the offense over a four-year period. Appellant could have been
sentenced from five years up to 99 years or life and up to a $10,000 fine. See Tex.
Pen. Code Ann. § 12.32 (Vernon 2003). Appellant was sentenced to 60 years in
prison—39 years less that the statutory maximum—and no fine. In accordance with
Solem, we grant substantial deference to the broad authority that the Legislature
necessarily possesses in determining the types and limits of punishments for crimes,
as well as to the discretion that the trial court possesses in sentencing convicted
criminals. See Solem, 463 U.S. at 290, 103 S. Ct. at 3009. Under these
circumstances, we hold that appellant’s 60-year sentence is not grossly
disproportionate; therefore, a comparison to other jurisdictions is not required.


 We overrule appellant’s three issues. 
                                    Conclusion
          We affirm the judgment of the trial court.                                                
 
                                                             Tim Taft
                                                             Justice
 
Panel consists of Justices Taft, Alcala, and Hanks.
Publish. See Tex. R. App. P. 47.2(b).