NO.  07-06-0282-CR
07-06-0283-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 15, 2007
_____

ROY BULLOCK, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 123RD DISTRICT COURT OF SHELBY COUNTY;

NO. 05CR-16434, 05CR-16435; HONORABLE GUY GRIFFIN, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Roy Bullock, Jr., appeals from the trial court's determination to proceed with adjudication of two charges of indecency with a child and assessment of 10 and 18 year sentences of confinement in the Institutional Division of the Texas Department of Criminal Justice.  We affirm.

Background

On July 11, 2005, appellant was indicted by separate indictments for the offenses of indecency with a child by exposure and indecency with a child by contact. On October 28, 2005, in accordance with a plea agreement, the trial court deferred adjudication on both charges for a period of 10 years. No appeal was taken from the order deferring adjudication. On December 9, 2005, the State filed a Motion to Proceed with an Adjudication of Guilt alleging three violations of the terms and conditions of appellant's community supervision. On March 10, 2006, the trial court heard the matters and adjudicated appellant guilty of both charges. Subsequently, the trial court held a hearing on punishment and sentenced appellant to 10 years confinement for the offense of indecency with a child by exposure and 18 years confinement for the offense of indecency with a child by contact. Each sentence is to run concurrently.

Appellant presents the following four issues: (1) did appellant violate the terms of his probation merely by attending church, (2) was the evidence legally sufficient to support appellant's convictions, (3) were the terms of appellant's probation so overbroad and not narrowly tailored as to violate appellant's constitutional rights, and (4) was appellant's sentence so excessive as to constitute cruel and unusual punishment. Because we lack jurisdiction to address appellant's first three issues, we will discuss them together.

Appellant's First Three Issues

Appellant's first two issues challenge the trial court's determination to proceed to adjudication. However, article 42.12, section 5(b), of the Texas Code of Criminal

Procedure provides that a defendant may not appeal from a trial court's determination to proceed with an adjudication of guilt. TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(b) (Vernon Supp. 2005);[1] Hogans v. State, 176 S.W.3d 829, 832 (Tex.Crim.App. 2005). Our authority to review issues relating to the revocation of deferred adjudication probation is limited to post-adjudication proceedings, including the assessment of punishment. § 5(b). Thus, consideration of appellant's first two issues is foreclosed by statute. As we lack jurisdiction to address these issues, nothing is presented for our review.

Appellant's third issue challenges the terms and conditions of the order initially placing him on deferred adjudication community supervision. Appellant contends that, if he violated the terms and conditions of his community supervision by attending church, then the terms and conditions of his community supervision were overly broad and not sufficiently tailored. To the extent that appellant's third issue would require us to review the basis for the trial court's determination to proceed to adjudication, we are without authority to do so. See § 5(b); Hogans, 176 S.W.3d at 832. In the alternative, to the extent that appellant's third issue challenges the terms and conditions of his community supervision, appeal of issues relating to the original deferred adjudication proceeding must be appealed when the deferred adjudication is imposed. See Vidaurri v. State, 49 S.W.3d 880, 884-85 (Tex.Crim.App. 2001). Because appellant did not appeal the terms and conditions of his community supervision at the time that they were imposed, our jurisdiction

---

[1] Further references to article 42.12 of the Texas Code of Criminal Procedure will be by reference to "section __" or "§ __."

to address the merits of appellant's third issue has not been invoked.  See White v. State, 61 S.W.3d 424, 428 (Tex.Crim.App. 2001).

## Cruel and Unusual Punishment

While we do not have authority to review a trial court's decision to proceed with an adjudication of guilt, we do have authority to review post-adjudication proceedings, including the assessment of punishment.  § 5(b).  Appellant contends that, in the present case, the punishment assessed by the trial court was so excessive as to constitute cruel and unusual punishment.  Appellant was sentenced to 18 years incarceration for the second degree felony of indecency with a child by contact and 10 years for the third degree felony of indecency with a child by exposure.  The applicable ranges of punishment for these offenses are two to 20 years and two to 10 years, respectively.  TEX. PENAL CODE ANN. §§ 12.33, 12.34 (Vernon 2003).  Thus, neither sentence exceeds the punishment range set by statute.  Such punishment is not unconstitutionally cruel and unusual.  See Nichols v. State, 494 S.W.2d 830, 836 (Tex.Crim.App. 1973); Hill v. State, 493 S.W.2d 847, 849 (Tex.Crim.App. 1973).  Thus, we overrule appellant's fourth issue.

## Conclusion

We dismiss appellant's first three issues for want of jurisdiction.  We overrule appellant's fourth issue and affirm the judgment of the trial court.


Mackey K. Hancock
Justice

4