COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-09-251-CR

                                                 NO.
2-09-252-CR

                                                 NO.
2-09-253-CR

                                                 NO.
2-09-254-CR

                                                 NO.
2-09-255-CR

                                                 NO.
2-09-256-CR

 

 

ANDRE G. MILES                                                                              APPELLANT

 

                                                             V.

 

THE STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

              FROM
THE 213TH DISTRICT COURT OF TARRANT COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------

I.  INTRODUCTION








Appellant
Andre G. Miles appeals from six convictions for aggravated robbery with a
deadly weapon.  In two issues, Miles
complains that his sentences constitute cruel and unusual punishment in
violation of the United States and Texas constitutions and that the presentence
investigation report (PSI) erroneously included a recommendation that his
punishment include a term of imprisonment. 


II.  FACTUAL
AND PROCEDURAL BACKGROUND

In
January and February of 2009, Miles committed a series of robberies at various
convenience stores and a CVS Pharmacy in Tarrant County.  He committed most of the robberies with
another man, Michael Hutchins.  Miles
pleaded guilty in each case and admitted to using or exhibiting a deadly
weapon.  The trial court deferred
sentencing until a PSI could be prepared. 

At
the sentencing hearing, the State and Miles both stated that they had no
objections to the PSI.  The State called
several employees of the stores that Miles had robbed to testify about the
robberies.  Miles called his brother
Willis to testify on his behalf.  Willis
testified that after Miles got out of prison for unrelated charges in March of
2008, Miles had tried to improve his life and to provide for his newborn child
but had lost his job and had difficulty finding a new job.  Miles=s
mother Deborah testified that Miles had trouble dealing with his father=s
death, but on cross-examination, Deborah acknowledged that Miles=s
criminal history had begun years before his father=s
death.  Miles testified that he had never
physically touched any of the victims of his aggravated robberies, that he had
no intention of hurting anyone, that the robberies had been Hutchins=s
ideas, and that Miles had participated in the robberies to Afeed
a drug habit.@ 








The
PSI included two versions of the robberiesCthe
police version and Miles=s version.  The report also included victim impact
statements from the employees on duty at the time of the robberies.  After detailing Miles=s
arrest history and personal history, the report recommended that Athe
defendant be sentenced to the Institutional Division of the Texas Department of
Criminal Justice for a period of time deemed appropriate by the Court.@

At
the conclusion of the sentencing hearing, the trial court sentenced Miles to
sixty-five years= imprisonment in each case,
with the sentences to run concurrently.

III.  CRUEL
AND UNUSUAL PUNISHMENT








In
his first issue, Miles argues that his sixty-five-year sentence in each case is
disproportionate and constitutes cruel and unusual punishment based on his
circumstances and the circumstances surrounding each offense.  Specifically, he argues that the sentences
are tantamount to life sentences because he was twenty-nine years old at the
time of his trial and will not be eligible for parol for at least thirty years,
that no one was injured during the robberies, that he was remorseful in his
testimony at the punishment hearing, that he was addicted to crack cocaine when
he committed the offenses, and that he was cooperative throughout the
presentence investigation process.  The
State argues that Miles did not preserve this issue for review and that, alternatively,
Miles=s
sentences are not disproportionate and did not constitute cruel and unusual
punishment.[2]

A.  Preservation
of Error

To
preserve a complaint for our review, a party must have presented to the trial
court a timely request, objection, or motion that states the specific grounds
for the desired ruling if they are not apparent from the context of the request,
objection, or motion.  Tex. R. App. P.
33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998)
(op. on reh=g), cert.
denied, 526 U.S. 1070 (1999). 
Generally, an appellant may not complain about his sentence for the
first time on appeal.  Curry v. State,
910 S.W.2d 490, 497 (Tex. Crim. App. 1995); Mercado v. State, 718 S.W.2d
291, 296 (Tex. Crim. App. 1986); see Kim v. State, 283 S.W.3d 473, 475
(Tex. App.CFort
Worth 2009, pet. ref=d) (holding that appellant
who did not object to his sentence at the punishment hearing or complain about
it in a motion for new trial failed to preserve his Eighth Amendment complaint
for appeal).








Here,
Miles did not object to his sentences at the punishment hearing, but the record
shows that he timely filed a motion for new trial, complaining that his
sentence is excessive and constitutes cruel and unusual punishment.  Although he did not cite any constitutional
provisions in his motion for new trial, we will assume that Miles preserved his
Eighth Amendment issue for appeal and will address the merits of his argument.[3]  See Tex. R. App. P. 33.1(a)(1); Mosley
v. State, 983 S.W.2d at 265; see also Acosta v. State, 160 S.W.3d
204, 211 (Tex. App.CFort Worth 2005, no pet.)
(holding motion for new trial properly preserved Eighth Amendment complaint for
appeal). 

B. 
Sentences Not Cruel and Unusual or Disproportionate

We
review a sentence imposed by a trial court for an abuse of discretion.  See Jackson v. State, 680 S.W.2d 809,
814 (Tex. Crim. App. 1984). Generally, a sentence within the statutory range of
punishment for an offense will not be held cruel or unusual.  Hill v. State, 493 S.W.2d 847, 849
(Tex. Crim. App. 1973) (holding that seventy-five‑year sentence was not
cruel or unusual because it was within statutory range); Baldridge, 77
S.W.3d at 893.  The United States Supreme
Court announced a narrow exception in Solem v. Helm, in which the court
helds that criminal sentences must be proportionate to the crime and that even
a sentence within the statutorily prescribed range may violate the Eighth
Amendment.  463 U.S. 277, 290, 103 S. Ct.
3001, 3009 (1983).








In
conducting an Eighth Amendment proportionality analysis, we first make a
threshold comparison of the offense against the severity of the sentence to determine
if the sentence is grossly disproportionate to the offense.  See id.; McGruder v. Puckett,
954 F.2d 313, 316 (5th Cir.), cert. denied, 506 U.S. 849 (1992); Moore
v. State, 54 S.W.3d 529, 542 (Tex. App.CFort
Worth 2001, pet. ref=d).  If we determine that the sentence is grossly
disproportionate to the offense, we must then compare the sentence received to
sentences for similar crimes in this jurisdiction and sentences for the same
crime in other jurisdictions.  See
Solem, 463 U.S. at 292, 103 S. Ct. at 3011; McGruder, 954 F.2d at
316; Moore, 54 S.W.3d at 542.








Here,
Miles pleaded guilty to six aggravated robberies, all first‑degree
felonies.  See Tex. Pen. Code Ann.
'
29.03(b) (Vernon 2005).  The statutory
range of punishment for a first degree felony offense is five to ninety-nine
years= or
life imprisonment and a fine not to exceed $10,000.  Id. '
12.32 (Vernon 2005).  Miles=s
sixty-five-year sentences are within the statutory range, and consequently, his
sentences are not cruel and unusual punishment under the Eighth Amendment
unless they are grossly disproportionate to the offenses.  See McGruder, 954 F.2d at 316; Moore,
54 S.W.3d at 542.  Comparing the gravity
of the offenses against the severity of his sentences, based on the record
before us and in light of the nature and sheer volume of the offenses and of
Miles=s
prior criminal history, we hold that his sentences are not grossly
disproportionate to the offenses committed. 
See Solem, 463 U.S. at 290, 103 S. Ct. at 3009; Ajisebutu v.
State, 236 S.W.3d 309, 313 (Tex. App.CHouston
[1st Dist.] 2007, pet. ref=d); Moore,
54 S.W.3d at 542B43. Accordingly, we hold
that the trial court did not abuse its discretion in its sentencing.  See Jackson, 680 S.W.2d at 814.  We overrule Miles=s
first issue.

IV.  PRESENTENCE INVESTIGATION REPORT

In
his second issue, Miles argues that the PSI=s
recommendation that he be confined for some period of time was improper.  He argues that article 42.12, ' 
9(a)Cwhich
provides that A[i]t
is not necessary for the [PSI] contain a sentencing recommendation@Cimplies
that a PSI should not make a sentencing recommendation.  See Tex. Code Crim. Proc. Ann. art.
42.12, ' 9(a)
(Vernon 2005).  The State argues that
Miles did not preserve this issue for review and that, alternatively, the PSI
recommendation was not improper.

By
affirmatively stating at the sentencing hearing that he had no objection to the
PSI, Miles waived his complaint for appeal. 
See Tex. R. App. P. 33.1(a)(1); Mosley, 983 S.W.2d at 265;
Jones v. State, 962 S.W.2d 158, 167 (Tex. App.CFort
Worth 1998, no pet.).  Moreover, this
court has held that a PSI may include a sentencing recommendation.  See Burns v. State, No. 02‑09‑00137‑CR,
2010 WL 144350, at *1 (Tex. App.CFort
Worth Jan. 14, 2010, no pet.) (mem. op., not designated for publication); Burchfield
v. State, 02‑08‑00435‑CR, 2009 WL 2462511, at * 2 (Tex.
App.CFort
Worth Aug. 13, 2009, no pet.) (mem. op., not designated for publication)
(noting that because article 42.12, section 9(a) makes a sentencing
recommendation optional, it cannot be improper for a PSI to include such
recommendation).  We overrule Miles=s
second issue.








V.  CONCLUSION

Having
overruled both of Miles=s two issues, we affirm the
trial court=s
judgment.

SUE WALKER

JUSTICE

 

PANEL:
DAUPHINOT, WALKER, and MEIER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:
April 29, 2010                          











[1]See Tex. R. App. P. 47.4.





[2]Miles agrees with the
State that he did not preserve this issue for appeal, but he argues that we
should consider it in the interest of justice.





[3]Miles did not argue
in his motion for new trial or on appeal that the Texas constitution provides
broader or greater protection than the United States Constitution, and
consequently, we will address this issue under only the United States Constitution.  See Moore v. State, 935 S.W.2d 124,
128 (Tex. Crim. App. 1996), cert. denied, 520 U.S. 1219 (1997); Baldridge
v. State, 77 S.W.3d 890, 893 (Tex. App.CHouston [14th Dist.] 2002, pet. ref=d).