

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

**NO. 2-09-251-CR**
**NO. 2-09-252-CR**
**NO. 2-09-253-CR**
**NO. 2-09-254-CR**
**NO. 2-09-255-CR**
**NO. 2-09-256-CR**


ANDRE G. MILES                                                              APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. INTRODUCTION

Appellant Andre G. Miles appeals from six convictions for aggravated robbery with a deadly weapon. In two issues, Miles complains that his sentences constitute cruel and unusual punishment in violation of the United States and Texas

---

[1] *See* Tex. R. App. P. 47.4.

constitutions and that the presentence investigation report (PSI) erroneously included a recommendation that his punishment include a term of imprisonment.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In January and February of 2009, Miles committed a series of robberies at various convenience stores and a CVS Pharmacy in Tarrant County. He committed most of the robberies with another man, Michael Hutchins. Miles pleaded guilty in each case and admitted to using or exhibiting a deadly weapon. The trial court deferred sentencing until a PSI could be prepared.

At the sentencing hearing, the State and Miles both stated that they had no objections to the PSI. The State called several employees of the stores that Miles had robbed to testify about the robberies. Miles called his brother Willis to testify on his behalf. Willis testified that after Miles got out of prison for unrelated charges in March of 2008, Miles had tried to improve his life and to provide for his newborn child but had lost his job and had difficulty finding a new job. Miles's mother Deborah testified that Miles had trouble dealing with his father's death, but on cross-examination, Deborah acknowledged that Miles's criminal history had begun years before his father's death. Miles testified that he had never physically touched any of the victims of his aggravated robberies, that he had no intention of hurting anyone, that the robberies had been Hutchins's ideas, and that Miles had participated in the robberies to "feed a drug habit."

2

The PSI included two versions of the robberies—the police version and Miles's version. The report also included victim impact statements from the employees on duty at the time of the robberies. After detailing Miles's arrest history and personal history, the report recommended that "the defendant be sentenced to the Institutional Division of the Texas Department of Criminal Justice for a period of time deemed appropriate by the Court."

At the conclusion of the sentencing hearing, the trial court sentenced Miles to sixty-five years' imprisonment in each case, with the sentences to run concurrently.

### III. CRUEL AND UNUSUAL PUNISHMENT

In his first issue, Miles argues that his sixty-five-year sentence in each case is disproportionate and constitutes cruel and unusual punishment based on his circumstances and the circumstances surrounding each offense. Specifically, he argues that the sentences are tantamount to life sentences because he was twenty-nine years old at the time of his trial and will not be eligible for parol for at least thirty years, that no one was injured during the robberies, that he was remorseful in his testimony at the punishment hearing, that he was addicted to crack cocaine when he committed the offenses, and that he was cooperative throughout the presentence investigation process. The State argues that Miles did not preserve this issue for

review and that, alternatively, Miles's sentences are not disproportionate and did not constitute cruel and unusual punishment.[2]

## A. Preservation of Error

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  Tex. R. App. P. 33.1(a)(1); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070 (1999).  Generally, an appellant may not complain about his sentence for the first time on appeal.  *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995); *Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986); *see Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd) (holding that appellant who did not object to his sentence at the punishment hearing or complain about it in a motion for new trial failed to preserve his Eighth Amendment complaint for appeal).

Here, Miles did not object to his sentences at the punishment hearing, but the record shows that he timely filed a motion for new trial, complaining that his sentence is excessive and constitutes cruel and unusual punishment.  Although he did not cite any constitutional provisions in his motion for new trial, we will assume that Miles preserved his Eighth Amendment issue for appeal and will address the

---

[2] Miles agrees with the State that he did not preserve this issue for appeal, but he argues that we should consider it in the interest of justice.

merits of his argument.[3]  *See* Tex. R. App. P. 33.1(a)(1); *Mosley v. State*, 983 S.W.2d at 265; *see also Acosta v. State*, 160 S.W.3d 204, 211 (Tex. App.—Fort Worth 2005, no pet.) (holding motion for new trial properly preserved Eighth Amendment complaint for appeal).

## B.  Sentences Not Cruel and Unusual or Disproportionate

We review a sentence imposed by a trial court for an abuse of discretion.  *See Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984).  Generally, a sentence within the statutory range of punishment for an offense will not be held cruel or unusual.  *Hill v. State*, 493 S.W.2d 847, 849 (Tex. Crim. App. 1973) (holding that seventy-five-year sentence was not cruel or unusual because it was within statutory range); *Baldridge*, 77 S.W.3d at 893.  The United States Supreme Court announced a narrow exception in *Solem v. Helm*, in which the court helds that criminal sentences must be proportionate to the crime and that even a sentence within the statutorily prescribed range may violate the Eighth Amendment.  463 U.S. 277, 290, 103 S. Ct. 3001, 3009 (1983).

In conducting an Eighth Amendment proportionality analysis, we first make a threshold comparison of the offense against the severity of the sentence to

---

[3] Miles did not argue in his motion for new trial or on appeal that the Texas constitution provides broader or greater protection than the United States Constitution, and consequently, we will address this issue under only the United States Constitution.  *See Moore v. State*, 935 S.W.2d 124, 128 (Tex. Crim. App. 1996), *cert. denied*, 520 U.S. 1219 (1997); *Baldridge v. State*, 77 S.W.3d 890, 893 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd).

determine if the sentence is grossly disproportionate to the offense. *See id.*; *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir.), *cert. denied*, 506 U.S. 849 (1992); *Moore v. State*, 54 S.W.3d 529, 542 (Tex. App.—Fort Worth 2001, pet. ref'd). If we determine that the sentence is grossly disproportionate to the offense, we must then compare the sentence received to sentences for similar crimes in this jurisdiction and sentences for the same crime in other jurisdictions. *See Solem*, 463 U.S. at 292, 103 S. Ct. at 3011; *McGruder*, 954 F.2d at 316; *Moore*, 54 S.W.3d at 542.

Here, Miles pleaded guilty to six aggravated robberies, all first-degree felonies. *See* Tex. Pen. Code Ann. § 29.03(b) (Vernon 2005). The statutory range of punishment for a first degree felony offense is five to ninety-nine years' or life imprisonment and a fine not to exceed $10,000. *Id.* § 12.32 (Vernon 2005). Miles's sixty-five-year sentences are within the statutory range, and consequently, his sentences are not cruel and unusual punishment under the Eighth Amendment unless they are grossly disproportionate to the offenses. *See McGruder*, 954 F.2d at 316; *Moore*, 54 S.W.3d at 542. Comparing the gravity of the offenses against the severity of his sentences, based on the record before us and in light of the nature and sheer volume of the offenses and of Miles's prior criminal history, we hold that his sentences are not grossly disproportionate to the offenses committed. *See Solem*, 463 U.S. at 290, 103 S. Ct. at 3009; *Ajisebutu v. State*, 236 S.W.3d 309, 313 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd); *Moore*, 54 S.W.3d at 542–43.

6

Accordingly, we hold that the trial court did not abuse its discretion in its sentencing. *See Jackson*, 680 S.W.2d at 814. We overrule Miles's first issue.

## IV. PRESENTENCE INVESTIGATION REPORT

In his second issue, Miles argues that the PSI's recommendation that he be confined for some period of time was improper. He argues that article 42.12, § 9(a)—which provides that "[i]t is not necessary for the [PSI] contain a sentencing recommendation"—implies that a PSI should not make a sentencing recommendation. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 9(a) (Vernon 2005). The State argues that Miles did not preserve this issue for review and that, alternatively, the PSI recommendation was not improper.

By affirmatively stating at the sentencing hearing that he had no objection to the PSI, Miles waived his complaint for appeal. *See* Tex. R. App. P. 33.1(a)(1); *Mosley*, 983 S.W.2d at 265; *Jones v. State*, 962 S.W.2d 158, 167 (Tex. App.—Fort Worth 1998, no pet.). Moreover, this court has held that a PSI may include a sentencing recommendation. *See Burns v. State*, No. 02-09-00137-CR, 2010 WL 144350, at *1 (Tex. App.—Fort Worth Jan. 14, 2010, no pet.) (mem. op., not designated for publication); *Burchfield v. State*, 02-08-00435-CR, 2009 WL 2462511, at * 2 (Tex. App.—Fort Worth Aug. 13, 2009, no pet.) (mem. op., not designated for publication) (noting that because article 42.12, section 9(a) makes a sentencing recommendation optional, it cannot be improper for a PSI to include such recommendation). We overrule Miles's second issue.

7

## V. Conclusion

Having overruled both of Miles's two issues, we affirm the trial court's judgment.

SUE WALKER
JUSTICE

PANEL: DAUPHINOT, WALKER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: April 29, 2010