Affirmed and Memorandum Opinion filed March 24, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00235-CR

___________________

 

Jamal Robertson, Appellant

 

V.

 

The State of Texas, Appellee



 



 

On
Appeal from the 262nd District Court

Harris County,
Texas



Trial Court Cause No. 1233102

 



 

 

MEMORANDUM OPINION

            Appellant pleaded guilty to the state jail felony of
possessing less than one gram of cocaine. Tex. Health & Safety Code Ann. § 481.115(b)
(West 2010). He received two years’ deferred adjudication, then violated the
terms of his community supervision when he failed to report to his probation
officer. The State moved to adjudicate guilt, and appellant was fined $300 and
sentenced to eighteen months’ imprisonment. In two issues on appeal, he
contends his sentence constitutes cruel and unusual punishment in violation of
the U.S. and Texas Constitutions. U.S. Const. amend. VIII; Tex. Const. art. I, § 13.

            Appellant
did not object to the excessiveness of his sentence at the time of rendition, nor
did he raise the issue in a timely-filed motion for new trial. In a letter to
the trial court, appellant simply requested a second chance to “complete [his]
probation.” Because appellant never specified the grounds of his complaint, he
has waived any error by raising the issue for the first time on appeal. See
Nicholas v. State, 56 S.W.3d 760, 768 (Tex. App.—Houston [14th Dist.]
2001, pet. ref’d); Solis v. State, 945 S.W.2d 300, 301 (Tex.
App.—Houston [1st Dist.] 1997, pet. ref’d).

            Even
were we to presume error was preserved, we would still hold that appellant’s
sentence does not constitute cruel or unusual punishment. As a general rule, a
trial court’s sentence will not be disturbed on appeal if it falls within the
range of punishment authorized by statute. Jackson v. State, 680 S.W.2d
809, 814 (Tex. Crim. App. 1984). Appellant was adjudged guilty of a state jail
felony, which carries a sentencing range between six and twenty-four months and
a fine not to exceed $10,000. Tex. Penal Code Ann. § 12.35 (West 2010). Though
on the higher end of that range, appellant’s sentence was still within the
limits prescribed by the legislature. Thus, his sentence is not excessive. See
Hill v. State, 493 S.W.2d 847, 849 (Tex. Crim. App. 1973).

Appellant argues that
his sentence is still grossly disproportionate, even though his punishment lies
within the statutory range. See Solem v. Helm, 463 U.S. 277, 303 (1983)
(invalidating sentence of life without parole for nonviolent felon, despite
statutory authorization). Although appellant asserts this claim under both the
state and federal constitutions, he cites no authority establishing that his
protection under the Texas Constitution exceeds or differs from that provided
by the Eighth Amendment to the U.S. Constitution. Accordingly, we examine his
argument solely under the Eighth Amendment. See Buster v. State, 144 S.W.3d 71, 81
(Tex. App.—Tyler 2004, no pet.); see also Baldridge v. State, 77 S.W.3d
890, 893–94 (Tex. App.—Houston [14th Dist.] 2002, pet. ref’d).

The Eighth Amendment encompasses a narrow proportionality principle,
which requires that a criminal sentence be graduated to its offense. See
Baldridge, 77 S.W.3d at 893. The principle is rarely applied to invalidate
a sentence for a term of years. See Lockyer v. Andrade, 538 U.S.
63, 73 (2003). Legislatures have the broad authority to define their own crimes
and set their own punishments. As a reviewing court, we must afford considerable
deference to these sentencing schemes. Solem, 463 U.S. at 290.
Therefore, in assessing the proportionality for a term-of-years sentence, our
role is to judge not the wisdom of appellant’s sentence, but whether the
sentence comports with constitutional standards. Id.

Our analysis consists of two steps. We first determine whether “an
objective comparison of the gravity of the offense against the severity of the
sentence reveals the sentence to be extreme.” Baldridge, 77 S.W.3d at
893 (citing Harmelin, 501 U.S. at 1005 (Kennedy, J., concurring in part
and concurring in judgment)). If that comparison leads to an inference of gross
disproportionality, we then compare the challenged sentence against
(a) the sentences of other offenders in the same jurisdiction, and
(b) the sentences imposed for the same crime in other jurisdictions. Id.;
see also Solem, 463 U.S. at 292. The sentence is only cruel and unusual
if this comparative analysis validates an initial judgment that the sentence is
grossly disproportionate to the crime. Graham v. Florida, 130 S. Ct.
2011, 2022 (2010); Harmelin, 501 U.S. at 1005 (Kennedy, J., concurring
in part and concurring in judgment).

We find that an
eighteen-month sentence for a conviction of felony drug possession does not give
rise to an inference of gross disproportionality. See Davis v. State,
119 S.W.3d 359, 363–64 (Tex. App.—Waco 2003, pet. ref’d) (upholding enhanced
sentence of twenty years’ confinement for possession of less than one gram of
cocaine). Special examination under the Eighth Amendment’s proportionality
principle is normally reserved for “extreme” or “exceedingly rare” types of
punishments. Lockyer, 538 U.S. at 73; see Ex parte Chavez, 213
S.W.3d 320, 324–25 (Tex. Crim. App. 2006). This is not one of those
cases. Because this ends our comparative analysis, we conclude that appellant’s
sentence is not in violation of federal constitutional standards.

            Appellant’s
two issues are overruled. The judgment of the trial court is therefore
affirmed.

 

                                                                                    

                                                                        /s/        Tracy
Christopher

                                                                                    Justice

 

 

 

Panel consists of Chief
Justice Hedges and Justices Frost and Christopher.

Do
Not Publish — Tex. R. App. P. 47.2(b).