**Opinion filed July 28, 2011**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-10-00384-CR & 11-10-00385-CR
_____

### SHANNON DONYE CHRISTIAN, Appellant

### V.

### STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause Nos. 17475B & 8777-D**

### M E M O R A N D U M   O P I N I O N

In Cause No. 11-10-00384-CR, Shannon Donye Christian, appellant, entered an open plea of guilty to the offense of aggravated robbery, and the trial court assessed his punishment at confinement for thirty years. We affirm.

In Cause No. 11-10-00385-CR, appellant originally pleaded guilty to the offense of possession of cocaine with the intent to deliver in a drug-free zone. Pursuant to the plea bargain agreement, the trial court deferred the adjudication of appellant's guilt, placed him on community supervision for ten years, and assessed a fine of $1,000. Appellant subsequently

pleaded true to allegations in the State's second amended motion to revoke community supervision and adjudicate guilt, and the State waived the drug-free zone finding. The trial court adjudicated appellant guilty of the offense "without a drug-free zone finding" and assessed punishment at confinement for ten years and a fine of $1,000. The trial court ordered the sentences to run concurrently. We modify and affirm.

In his sole issue on appeal in each case, appellant argues that his sentence constitutes cruel and unusual punishment based upon the circumstances of the crime, appellant's age, and his need for rehabilitation. The record shows that appellant preserved this issue for review by filing a motion for new trial in each case in which he asserted that the punishment levied against him was "cruel, unusual, harsh and unjust."

Generally, a sentence within the statutory range of punishment for an offense will not be disturbed on appeal and will not be held cruel or unusual. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984); *Hill v. State*, 493 S.W.2d 847, 849 (Tex. Crim. App. 1973). Here, appellant was convicted of two separate, first-degree felonies. *See* TEX. PENAL CODE ANN. § 29.03 (Vernon 2011); TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (Vernon 2010). The statutory range of punishment for a first-degree felony offense is five to ninety-nine years or life and a fine not to exceed $10,000. TEX. PENAL CODE ANN. § 12.32 (Vernon 2011).

Although appellant's punishment was assessed within the statutory range, he argues that his sentences are severe in comparison to the gravity of the offenses and are grossly disproportionate, thereby violating the Eighth Amendment of the United States Constitution. In support of his contention that the sentences imposed upon him constitute cruel and unusual punishment, appellant relies on *Solem v. Helm*, 463 U.S. 277 (1983). In *Solem*, the Supreme Court held that criminal sentences must be proportionate to the crime committed and that even a sentence within the statutorily prescribed range may violate the Eighth Amendment. 463 U.S. at 284, 290. The Supreme Court revisited the issue in *Harmelin v. Michigan*, 501 U.S. 957 (1991). To address a proportionality complaint after *Harmelin*, we first compare the gravity of the offense with the severity of the sentence and determine whether the punishment is grossly disproportionate to the offense. *Harmelin*, 501 U.S. at 1004-06 (Kennedy, J., concurring); *McGruder v. Puckett*, 954 F.2d 313 (5th Cir. 1992); *Moore v. State*, 54 S.W.3d 529, 542 (Tex. App.—Fort Worth 2001, pet. ref'd); *Bradfield v. State*, 42 S.W.3d 350, 353 (Tex. App.— Eastland 2001, pet. ref'd). A punishment will be grossly disproportionate to a crime only when

2

an objective comparison of the gravity of the offense against the severity of the sentence reveals the sentence to be extreme. *Harmelin*, 501 U.S. at 1004-06 (Kennedy, J., concurring).

Here, appellant originally pleaded guilty to possessing cocaine in a drug-free zone with the intent to deliver and was placed on deferred adjudication community supervision. Thereafter, appellant failed to comply with various terms and conditions of his community supervision, and his misconduct escalated to the offense of aggravated robbery during which a firearm was used. Appellant could have been sentenced to ninety-nine years or life and fined up to $10,000 for each offense, and his sentences could have been ordered to run consecutively. Instead, appellant was sentenced to concurrent terms of thirty years and ten years in prison – sixty-nine years and eighty-nine years less than the statutory maximum. We must grant substantial deference to the broad authority that the legislature necessarily possesses in determining the types and limits of punishments for crimes, as well as to the discretion that the trial court possesses in sentencing convicted criminals. Under the circumstances in these cases, we hold that appellant's sentences are not severe in comparison to the gravity of the offenses he committed, are not grossly disproportionate to the crimes, and do not constitute cruel and unusual punishment. Appellant's issue in each case is overruled.

In Cause No. 11-10-00384-CR, the judgment of the trial court is affirmed. In Cause No. 11-10-00385-CR, the judgment of the trial court is modified to delete the drug-free zone finding that was inadvertently included and, as modified, is affirmed.


JIM R. WRIGHT
CHIEF JUSTICE

July 28, 2011

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Hill, J.[1]

---

[1] John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.