Opinion filed July 28,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                    Nos. 11-10-00384-CR & 11-10-00385-CR 

                                                    __________

 

                         SHANNON
DONYE CHRISTIAN, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 104th District Court

 

                                                            Taylor
County, Texas

 

                                           Trial Court
Cause Nos. 17475B & 8777-D

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            In
Cause No. 11-10-00384-CR, Shannon Donye Christian, appellant, entered an open
plea of guilty to the offense of aggravated robbery, and the trial court
assessed his punishment at confinement for thirty years.  We affirm.  

In
Cause No. 11-10-00385-CR, appellant originally pleaded guilty to the offense of
possession of cocaine with the intent to deliver in a drug-free zone.  Pursuant
to the plea bargain agreement, the trial court deferred the adjudication of
appellant’s guilt, placed him on community supervision for ten years, and
assessed a fine of $1,000.  Appellant subsequently pleaded true to allegations
in the State’s second amended motion to revoke community supervision and
adjudicate guilt, and the State waived the drug-free zone finding.  The trial
court adjudicated appellant guilty of the offense “without a drug-free zone
finding” and assessed punishment at confinement for ten years and a fine of
$1,000.  The trial court ordered the sentences to run concurrently.  We modify
and affirm.  

            In
his sole issue on appeal in each case, appellant argues that his sentence
constitutes cruel and unusual punishment based upon the circumstances of the
crime, appellant’s age, and his need for rehabilitation.  The record shows that
appellant preserved this issue for review by filing a motion for new trial in
each case in which he asserted that the punishment levied against him was “cruel,
unusual, harsh and unjust.”

             Generally,
a sentence within the statutory range of punishment for an offense will not be
disturbed on appeal and will not be held cruel or unusual.  Jackson v. State,
680 S.W.2d 809, 814 (Tex. Crim. App. 1984); Hill v. State, 493 S.W.2d
847, 849 (Tex. Crim. App. 1973).  Here, appellant was convicted of two separate,
first-degree felonies.  See Tex.
Penal Code Ann. § 29.03 (Vernon 2011); Tex. Health & Safety Code Ann. § 481.112(d) (Vernon
2010).  The statutory range of punishment for a first-degree felony offense is
five to ninety-nine years or life and a fine not to exceed $10,000.  Tex. Penal Code Ann. § 12.32 (Vernon 2011). 


            Although
appellant’s punishment was assessed within the statutory range, he argues that
his sentences are severe in comparison to the gravity of the offenses and are
grossly disproportionate, thereby violating the Eighth Amendment of the United
States Constitution.  In support of his contention that the sentences imposed
upon him constitute cruel and unusual punishment, appellant relies on Solem
v. Helm, 463 U.S. 277 (1983).  In Solem, the Supreme Court held that
criminal sentences must be proportionate to the crime committed and that even a
sentence within the statutorily prescribed range may violate the Eighth
Amendment.  463 U.S. at 284, 290.  The Supreme Court revisited the issue in Harmelin
v. Michigan, 501
U.S. 957 (1991).  To address a proportionality complaint after Harmelin,
we first compare the gravity of the offense with the severity of the sentence
and determine whether the punishment is grossly disproportionate to the offense. 
Harmelin, 501 U.S. at 1004-06 (Kennedy,
J., concurring); McGruder v. Puckett, 954 F.2d 313 (5th Cir. 1992); Moore
v. State, 54 S.W.3d 529, 542 (Tex. App.—Fort Worth 2001, pet. ref’d); Bradfield
v. State, 42 S.W.3d 350, 353 (Tex. App.—Eastland 2001, pet. ref’d).  A punishment
will be grossly disproportionate to a crime only when an objective comparison
of the gravity of the offense against the severity of the sentence reveals the
sentence to be extreme.  Harmelin, 501 U.S. at 1004-06
(Kennedy, J., concurring).  

            Here,
appellant originally pleaded guilty to possessing cocaine in a drug-free zone
with the intent to deliver and was placed on deferred adjudication community
supervision.  Thereafter, appellant failed to comply with various terms and
conditions of his community supervision, and his misconduct escalated to the
offense of aggravated robbery during which a firearm was used.  Appellant could
have been sentenced to ninety-nine years or life and fined up to $10,000 for
each offense, and his sentences could have been ordered to run consecutively.  Instead,
appellant was sentenced to concurrent terms of thirty years and ten years in
prison – sixty-nine years and eighty-nine years less than the statutory
maximum.  We must grant substantial deference to the broad authority that the legislature
necessarily possesses in determining the types and limits of punishments for
crimes, as well as to the discretion that the trial court possesses in
sentencing convicted criminals.  Under the circumstances in these cases, we
hold that appellant’s sentences are not severe in comparison to the gravity of
the offenses he committed, are not grossly disproportionate to the crimes, and
do not constitute cruel and unusual punishment.  Appellant’s issue in each case
is overruled.  

            In
Cause No. 11-10-00384-CR, the judgment of the trial court is affirmed.  In
Cause No. 11-10-00385-CR, the judgment of the trial court is modified to
delete the drug-free zone finding that was inadvertently included and, as
modified, is affirmed.  

 

 

                                                                                                JIM
R. WRIGHT

                                                                                                CHIEF
JUSTICE

July 28, 2011

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Hill, J.[1]









[1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.