COURT OF APPEALS

                                                 SECOND DISTRICT
OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-09-440-CR

 

 

ASHLEY LUCILLE
ROBERTS                                                             APPELLANT

 

                                                             V.

 

THE STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

                FROM
THE 415TH DISTRICT COURT OF PARKER COUNTY

 

                                                       ------------

 

                                      MEMORANDUM
OPINION[1]

                                                       ------------

I. INTRODUCTION

In
two points, appellant Ashley Lucille Roberts appeals her conviction for
burglary of a habitation, asserting that her sentence was excessive and that
the trial court abused its discretion by denying her motion for a new trial
without  a hearing.  We will affirm.








II. FACTUAL & PROCEDURAL BACKGROUND

Roberts
waived her right to a jury trial and entered an open plea of guilty to the
offense of burglary of a habitation.  At
the punishment hearing, the State offered evidence of Roberts=s
five prior convictions and called three witnesses to testify about the
burglary.  The evidence showed that
Roberts and two accomplices entered the home of Roberts=s
aunt and uncle without their permission and stole several items, including
electronics, jewelry, a gun, and personal mementos, estimated to be worth a
total of approximately $12,000.  Roberts
admitted her role in the burglary to her aunt and uncle and in a written statement
to police.  She testified at the
punishment hearing and admitted to her criminal record, to her substance abuse
problem, and to her attempts to get her aunt to lie to the judge about the
burglary.  Roberts testified that she is
trying to straighten out her life, that she suffers from anxiety, and that she
is remorseful for her actions.  The trial
court sentenced her to fifteen years=
confinement, a $2,000 fine, and $12,031.22 in restitution.

Roberts
filed a motion for new trial, arguing that the trial court erred by imposing an
excessive punishment.  The trial court
denied her motion without a hearing, and Roberts perfected this appeal. 

III. PUNISHMENT NOT EXCESSIVE








In
her second point, Roberts contends that the trial court abused its discretion
by imposing an excessive punishment.  She
does not dispute that her sentence was within the range provided by law, but
she argues that the punishment was excessive in light of the facts and her circumstances,
including her acceptance of responsibility for the crime, her admissions about
her psychological condition and criminal record, and her tough life, together
with her counsel=s and both victims=s
requests that she receive community supervision.

We
review a sentence imposed by a trial court for an abuse of discretion.  See Jackson v. State, 680 S.W.2d 809,
814 (Tex. Crim. App. 1984). Generally, a sentence within the statutory range of
punishment for an offense is not excessive, cruel, or unusual punishment.  Hill v. State, 493 S.W.2d 847, 849
(Tex. Crim. App. 1973); Alvarez v. State, 63 S.W.3d 578, 580 (Tex. App.CFort
Worth 2001, no pet.).  The United States
Supreme Court announced a narrow exception in Solem v. Helm, in which
the court held that criminal sentences must be proportionate to the crime and
that even a sentence within the statutorily prescribed range may violate the
Eighth Amendment.  463 U.S. 277, 290, 103
S. Ct. 3001, 3010 (1983).








In
conducting an Eighth Amendment proportionality analysis, we first make a
threshold comparison of the offense against the severity of the sentence to
determine if the sentence is grossly disproportionate to the offense.  See id.; McGruder v. Puckett,
954 F.2d 313, 316 (5th Cir.), cert. denied, 506 U.S. 849 (1992); Moore
v. State, 54 S.W.3d 529, 542 (Tex. App.CFort
Worth 2001, pet. ref=d).  If we determine that the sentence is grossly
disproportionate to the offense, we must then compare the sentence received to
sentences for similar crimes in this jurisdiction and sentences for the same
crime in other jurisdictions.  See
Solem, 463 U.S. at 292, 103 S. Ct. at 3011; McGruder, 954 F.2d at
316; Moore, 54 S.W.3d at 542.

Here,
Roberts could have been sentenced to between two and twenty years=
confinement and a fine up to $10,000.  See
Tex. Penal Code Ann. ' 12.33
(Vernon Supp. 2009), ' 30.02(a)(1), (c)(2) (Vernon
2003).  Her sentence of fifteen years=
confinement and a $2,000 fine is within this statutory range and, consequently,
is not excessive unless it fails the proportionality analysis.  See McGruder, 954 F.2d at 316; Moore,
54 S.W.3d at 542.

Comparing
the gravity of the offense against the severity of her sentence, we conclude
that, given the nature of the offense, the relationship Roberts had to the
victims, and Roberts=s past criminal record, her
sentence was not grossly disproportionate to the offense.  See Solem, 463 U.S. at 290, 103 S. Ct.
at 3009; Moore, 54 S.W.3d at 542B43.  We hold that trial court did not abuse its
discretion in its sentencing, and we overrule Roberts=s
second point.  See Jackson, 680
S.W.2d at 814.

VI. DENIAL OF MOTION
FOR NEW TRIAL NOT ABUSE
OF DISCRETION








In
her first point, Roberts contends that the trial court abused its discretion by
denying her motion for a new trial without a hearing.  The State argues that the trial court did not
abuse its discretion because the matter raised in her motionCexcessive
punishmentCwas
determinable from the record and because Roberts=s
motion did not include a supporting affidavit.

We
review a trial court=s decision to deny a hearing
on a motion for a new trial, as well as the decision to deny the motion itself,
under an abuse of discretion standard.  Hobbs
v. State, 298 S.W.3d 193, 200 (Tex. Crim. App. 2009); Mallet v. State,
9 S.W.3d 856, 867B68 (Tex. App.CFort
Worth 2000, no pet.).  The purpose of a
hearing on a motion for a new trial is to allow the defendant to develop the
issue raised in the motion.  Jordan v.
State, 883 S.W.2d 664, 665 (Tex. Crim. App. 1994).  A defendant does not have an absolute right
to a hearing on a motion for a new trial. 
Hobbs, 298 S.W.3d at 200. 
To be entitled to a hearing on a motion for new trial, the movant must
raise one or more matters not determinable from the record and establish the
existence of reasonable grounds showing that she could be entitled to
relief.  Smith v. State, 286
S.W.3d 333, 339 (Tex. Crim. App. 2009). 
Even if a matter is not determinable from the record, a hearing is not
required unless the defendant Aestablishes
the existence of >reasonable grounds=
showing that the defendant >could
be entitled to relief.=@  Id. (quoting Reyes v. State,
849 S.W.2d 812, 816 (Tex. Crim. App. 1993)).








Here,
we have already explained that the trial court did not abuse its discretion by
imposing a sentence within the legislatively-mandated range of punishment.  See Tex. Penal Code Ann. ''
12.33, 30.02(a)(1), (c)(2); Smith, 286 S.W.3d at 339.  The matter Roberts raised in her motion for
new trialCexcessive
punishmentCwas
determinable from the record, and she did not otherwise establish the existence
of reasonable grounds entitling her to relief. 
See Smith, 286 S.W.3d at 339 (requiring that motion based on
matters not in record be supported by affidavit specifically setting out the
factual basis for the claim).  We hold
that the trial court did not abuse its discretion by denying Roberts=s
motion for new trial without a hearing, and we overrule her first point.  See Hobbs, 298 S.W.3d at 200;
Mallet, 9 S.W.3d at 867B68.

V. CONCLUSION

Having
overruled Roberts=s two points, we affirm the
trial court=s
judgment.

SUE WALKER

JUSTICE

 

PANEL:
LIVINGSTON, C.J.;  GARDNER and WALKER,
JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:
July 8, 2010











[1]See Tex. R. App. P. 47.4.