# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH


**NO. 2-09-440-CR**

ASHLEY LUCILLE ROBERTS                                             APPELLANT

V.

THE STATE OF TEXAS                                                 STATE

------------

## FROM THE 415TH DISTRICT COURT OF PARKER COUNTY

------------

## MEMORANDUM OPINION[1]

------------

## I. INTRODUCTION

In two points, appellant Ashley Lucille Roberts appeals her conviction for burglary of a habitation, asserting that her sentence was excessive and that the trial court abused its discretion by denying her motion for a new trial without a hearing. We will affirm.

---

[1] *See* Tex. R. App. P. 47.4.

## II. Factual & Procedural Background

Roberts waived her right to a jury trial and entered an open plea of guilty to the offense of burglary of a habitation. At the punishment hearing, the State offered evidence of Roberts's five prior convictions and called three witnesses to testify about the burglary. The evidence showed that Roberts and two accomplices entered the home of Roberts's aunt and uncle without their permission and stole several items, including electronics, jewelry, a gun, and personal mementos, estimated to be worth a total of approximately $12,000. Roberts admitted her role in the burglary to her aunt and uncle and in a written statement to police. She testified at the punishment hearing and admitted to her criminal record, to her substance abuse problem, and to her attempts to get her aunt to lie to the judge about the burglary. Roberts testified that she is trying to straighten out her life, that she suffers from anxiety, and that she is remorseful for her actions. The trial court sentenced her to fifteen years' confinement, a $2,000 fine, and $12,031.22 in restitution.

Roberts filed a motion for new trial, arguing that the trial court erred by imposing an excessive punishment. The trial court denied her motion without a hearing, and Roberts perfected this appeal.

## III. Punishment Not Excessive

In her second point, Roberts contends that the trial court abused its discretion by imposing an excessive punishment. She does not dispute that her sentence was

within the range provided by law, but she argues that the punishment was excessive in light of the facts and her circumstances, including her acceptance of responsibility for the crime, her admissions about her psychological condition and criminal record, and her tough life, together with her counsel's and both victims's requests that she receive community supervision.

We review a sentence imposed by a trial court for an abuse of discretion. *See Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). Generally, a sentence within the statutory range of punishment for an offense is not excessive, cruel, or unusual punishment. *Hill v. State*, 493 S.W.2d 847, 849 (Tex. Crim. App. 1973); *Alvarez v. State*, 63 S.W.3d 578, 580 (Tex. App.—Fort Worth 2001, no pet.). The United States Supreme Court announced a narrow exception in *Solem v. Helm*, in which the court held that criminal sentences must be proportionate to the crime and that even a sentence within the statutorily prescribed range may violate the Eighth Amendment. 463 U.S. 277, 290, 103 S. Ct. 3001, 3010 (1983).

In conducting an Eighth Amendment proportionality analysis, we first make a threshold comparison of the offense against the severity of the sentence to determine if the sentence is grossly disproportionate to the offense. *See id.*; *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir.), *cert. denied*, 506 U.S. 849 (1992); *Moore v. State*, 54 S.W.3d 529, 542 (Tex. App.—Fort Worth 2001, pet. ref'd). If we determine that the sentence is grossly disproportionate to the offense, we must then compare the sentence received to sentences for similar crimes in this

jurisdiction and sentences for the same crime in other jurisdictions. *See Solem*, 463 U.S. at 292, 103 S. Ct. at 3011; *McGruder*, 954 F.2d at 316; *Moore*, 54 S.W.3d at 542.

Here, Roberts could have been sentenced to between two and twenty years' confinement and a fine up to $10,000. *See* Tex. Penal Code Ann. § 12.33 (Vernon Supp. 2009), § 30.02(a)(1), (c)(2) (Vernon 2003). Her sentence of fifteen years' confinement and a $2,000 fine is within this statutory range and, consequently, is not excessive unless it fails the proportionality analysis. *See McGruder*, 954 F.2d at 316; *Moore*, 54 S.W.3d at 542.

Comparing the gravity of the offense against the severity of her sentence, we conclude that, given the nature of the offense, the relationship Roberts had to the victims, and Roberts's past criminal record, her sentence was not grossly disproportionate to the offense. *See Solem*, 463 U.S. at 290, 103 S. Ct. at 3009; *Moore*, 54 S.W.3d at 542–43. We hold that trial court did not abuse its discretion in its sentencing, and we overrule Roberts's second point. *See Jackson*, 680 S.W.2d at 814.

## VI. DENIAL OF MOTION FOR NEW TRIAL NOT ABUSE OF DISCRETION

In her first point, Roberts contends that the trial court abused its discretion by denying her motion for a new trial without a hearing. The State argues that the trial court did not abuse its discretion because the matter raised in her

motion—excessive punishment—was determinable from the record and because Roberts's motion did not include a supporting affidavit.

We review a trial court's decision to deny a hearing on a motion for a new trial, as well as the decision to deny the motion itself, under an abuse of discretion standard. *Hobbs v. State*, 298 S.W.3d 193, 200 (Tex. Crim. App. 2009); *Mallet v. State*, 9 S.W.3d 856, 867–68 (Tex. App.—Fort Worth 2000, no pet.). The purpose of a hearing on a motion for a new trial is to allow the defendant to develop the issue raised in the motion. *Jordan v. State*, 883 S.W.2d 664, 665 (Tex. Crim. App. 1994). A defendant does not have an absolute right to a hearing on a motion for a new trial. *Hobbs*, 298 S.W.3d at 200. To be entitled to a hearing on a motion for new trial, the movant must raise one or more matters not determinable from the record and establish the existence of reasonable grounds showing that she could be entitled to relief. *Smith v. State*, 286 S.W.3d 333, 339 (Tex. Crim. App. 2009). Even if a matter is not determinable from the record, a hearing is not required unless the defendant "establishes the existence of 'reasonable grounds' showing that the defendant 'could be entitled to relief.'" *Id.* (quoting *Reyes v. State*, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993)).

Here, we have already explained that the trial court did not abuse its discretion by imposing a sentence within the legislatively-mandated range of punishment. *See* Tex. Penal Code Ann. §§ 12.33, 30.02(a)(1), (c)(2); *Smith*, 286 S.W.3d at 339. The matter Roberts raised in her motion for new trial—excessive punishment—was

determinable from the record, and she did not otherwise establish the existence of reasonable grounds entitling her to relief. *See Smith*, 286 S.W.3d at 339 (requiring that motion based on matters not in record be supported by affidavit specifically setting out the factual basis for the claim). We hold that the trial court did not abuse its discretion by denying Roberts's motion for new trial without a hearing, and we overrule her first point. *See Hobbs*, 298 S.W.3d at 200; *Mallet*, 9 S.W.3d at 867–68.

## V. CONCLUSION

Having overruled Roberts's two points, we affirm the trial court's judgment.

SUE WALKER
JUSTICE

PANEL: LIVINGSTON, C.J.; GARDNER and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 8, 2010

6