

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-16-00335-CR

---

DONALD FITZGERALD DAVIS                    APPELLANT
A/K/A DONALD F. DAVIS

V.

THE STATE OF TEXAS                              STATE

----------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1386193D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Donald Fitzgerald Davis, a/k/a Donald F. Davis, appeals from the revocation of his community supervision and resulting ten-year sentence. On appeal, Davis argues that the trial court abused its discretion by finding the violation allegation true and that his ten-year sentence was grossly disproportionate and, therefore, unconstitutional. Because we conclude that the

---

[1]*See* Tex. R. App. P. 47.4.

trial court, as the sole arbiter of the credibility of the evidence regarding Davis's alleged violation, did not abuse its discretion by finding the violation true and that Davis failed to carry his burden to show gross disproportionality, we affirm the trial court's judgment.

## I. BACKGROUND

### A. UNDERLYING OFFENSE

A grand jury indicted Davis with the September 18, 2014 theft of four trim kits valued at less than $1,500, which was classified as a state jail felony based on Davis's two prior theft convictions. *See* Tex. Penal Code Ann. § 31.03(a), (e)(4)(D) (West Supp. 2016). The indictment contained a felony-enhancement paragraph, alleging that Davis had been twice previously convicted of the felony offenses of possession of more than 4 grams but less than 200 grams of cocaine and of delivery of cocaine. This paragraph enhanced the available punishment range to that of a second degree felony—"imprisonment . . . for any term of not more than 20 years or less than 2 years." *Id.* §§ 12.33(a) (West 2011), 12.425(a) (West Supp. 2016). Davis pleaded guilty to the indictment without the benefit of a plea-bargain agreement. On October 5, 2015, the trial court found Davis guilty of the offense charged in the indictment, found the felony enhancements true, and assessed his punishment at ten years' confinement; however, the trial court suspended imposition of the sentence and placed Davis on community supervision for five years. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 3 (West

2

Supp. 2016). One of the conditions of Davis's community supervision was that he commit no new offense. *See id.* art. 42.12, § 11(a)(1).

## B. REVOCATION

The State filed a petition to revoke Davis's community supervision, alleging that he had committed a new offense on July 3, 2016: "[Davis] did unlawfully appropriate, by acquiring or otherwise exercising control over property, namely a package of paper towels, two packages of meat, and a set of dishes, of the value of less than $2500, with intent to deprive the owner, [S]ally [B]anks, of the property."[2] The State offered to recommend a two-year sentence in exchange for Davis's plea of true to the petition to revoke and a concurrent two-year sentence in exchange for Davis's guilty plea to the July 3, 2016 offense, but Davis rejected the offer. The morning of the revocation hearing, the State offered to recommend two concurrent, six-year sentences in exchange for Davis's pleas of true and guilty, which Davis rejected because he wanted the new offense tried separately from the revocation issue.

At the revocation hearing, Davis pleaded not true to the revocation allegation. Banks, a loss-prevention associate at Walmart, testified that she saw Davis fail to scan several items at a self-checkout station but put these items in bags with other items he had paid for. A video of the incident was admitted into

[2]The State amended its revocation petition to allege an additional violation of Davis's community-supervision terms, but the State waived this allegation at the revocation hearing.

3

evidence. Davis also testified at the hearing and stated that the scanner malfunctioned while he attempted to check out because of water on the scanner and moisture on some of the items he tried to scan.

The trial court found the alleged violation true, revoked Davis's community supervision, and imposed a sentence of ten years' confinement. Davis filed a notice of appeal and a motion for new trial. In the motion for new trial, Davis argued that the judgment "was contrary to the law and the evidence," the judgment "was contrary to the interests of justice," and the sentence was unconstitutional because it was grossly disproportionate "to the facts of the case and reflected no consideration of mitigating evidence." *See* Tex. R. App. P. 21.3(h). Davis presented the motion to the trial court, but the motion was deemed denied. *See* Tex. R. App. P. 21.6, 21.8(c).

## II. SUFFICIENCY OF THE EVIDENCE TO SUPPORT REVOCATION

In his first issue, Davis argues that the trial court abused its discretion by finding the violation allegation true and revoking his community supervision because the "greater weight of the evidence" did not show that he "intended to shoplift," but instead "point[ed] to a malfunctioning piece of equipment." Thus, Davis attacks only the evidence supporting the intent element of theft: "There is simply not enough evidence to prove [Davis] intended to shoplift."

We review an order revoking community supervision under an abuse-of-discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). In determining the sufficiency of the evidence in revocation cases, the

4

State's burden of proof is by a preponderance of the evidence. *Id.* A preponderance is "that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his [community supervision]." *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974). The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984).

In the State's motion to revoke, it alleged that Davis had committed the new offense of theft, which is proved by evidence that he unlawfully appropriated property with the intent to deprive the owner of the property. *See* Tex. Penal Code Ann. § 31.03(a). Appropriation is unlawful if it is without the owner's consent. *See id.* § 31.03(b). Intent may be inferred from circumstantial evidence such as the defendant's actions. *See Lozano v. State*, 359 S.W.3d 790, 814 (Tex. App.—Fort Worth 2012, pet. ref'd). Again, the State had the burden to prove each element of theft by a preponderance. *See Rice v. State*, 801 S.W.2d 16, 17 (Tex. App.—Fort Worth 1990, pet. ref'd).

Davis testified that he tried to scan the items not listed on his receipt but that the machine malfunctioned based on liquid that leaked onto the scanner. Indeed, multiple employees tried to help Davis at his self-checkout lane. Davis also did not try to flee when he was questioned after trying to leave the store and offered to pay for the non-scanned items. Davis testified that he "overlooked"

5

and "forgot" the omitted items. Davis asserts that this evidence compels an "assumption . . . that [Davis] was trying to check-out at a malfunctioning kiosk."

But Banks testified that the packages of chicken did not scan properly because Davis had covered the bar code with his hand while moving the packages across the scanner. And video of the transaction showed that Davis nevertheless placed the chicken and paper towels into his bag even though the monitor gave visual cues that the packages had not scanned while Davis was looking at the monitor. Davis also covered the bar codes to the paper towels and toilet paper before running them over the scanner, placing the items into his bag even though the monitor showed they had not been registered as a purchase. With the dishes, Davis picked up the box from the left side of the scanner, looked around, and then put the box in his cart without attempting to scan it. This evidence allowed the trial court to infer that Davis intended to steal the items not listed on his receipt.

We conclude that the greater weight of the credible evidence before the trial court supported a reasonable belief that Davis violated a condition of his community supervision. *See In re T.R.S.*, 115 S.W.3d 318, 321 (Tex. App.— Texarkana 2003, no pet.). The trial court was in the best position to determine the credibility of the witnesses, and we cannot second-guess these determinations based on the cold record. *See, e.g.*, *Aguilar v. State*, 471 S.W.2d 58, 60 (Tex. Crim. App. 1971); *Mata v. State*, No. 01-11-00498-CR, 2012 WL 584210, at *4 (Tex. App.—Houston [1st Dist.] Feb. 23, 2012, pet. ref'd) (mem.

6

op., not designated for publication). Viewing the evidence in the light most favorable to the trial court's ruling, we conclude that the trial court did not abuse its discretion by finding the violation allegation true and overrule Davis's first issue.

## III. CONSTITUTIONALITY OF SENTENCE

In his second issue, Davis argues that his sentence was grossly disproportionate for a theft offense and, therefore, is unconstitutional. Davis argues that the sentence is disproportionate to both his underlying theft offense and the theft offense upon which his community supervision was revoked. However, the sentence at issue was imposed for the 2014 theft of four trim kits; thus, proportionality is determined on the basis of that offense and not on the offense alleged in the State's motion to revoke—the alleged theft of chicken, paper towels, toilet paper, and dishes. *See Hammer v. State*, 461 S.W.3d 301, 304 (Tex. App.—Fort Worth 2015, no pet.); *Buerger v. State*, 60 S.W.3d 358, 365–66 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd).

The State argues that Davis failed to preserve this argument for our review because he did not raise it at the time his sentence was imposed or in a motion for new trial. But Davis clearly raised his disproportionality argument in his motion for new trial, which he timely presented to the trial court; therefore, he preserved the issue. *See Hammer*, 461 S.W.3d at 304; *Williamson v. State*, 175 S.W.3d 522, 523–24 (Tex. App.—Texarkana 2005, no pet.); *see also* Tex. R. App. P. 21.

7

However, Davis's argument fails for a different, yet similar, reason: Davis has not pointed to sentences imposed on similarly situated defendants in this and other jurisdictions; thus, we are unable to determine proportionality. Indeed, to assess proportionality, we must objectively consider (1) the gravity of the offense compared to the severity of the sentence, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for the same crime in other jurisdictions. *See Solem v. Helm*, 463 U.S. 277, 292 (1983); *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992); *Moore v. State*, 54 S.W.3d 529, 542 (Tex. App.—Fort Worth 2001, pet. ref'd). We are directed to initially consider the gravity of the offense compared to the sentence and determine the final two factors only if this first factor indicates a disproportionate sentence. *See Hammer*, 461 S.W.3d at 304. Here, however, even if we were to conclude that the threshold factor should be resolved in Davis's favor, he failed to proffer evidence to the trial court with his motion for new trial showing sentences for theft in this or other jurisdictions involving defendants with a criminal history similar to his. *See id.* Thus, Davis failed to carry his burden to show that his ten-year sentence for theft was a grossly disproportionate sentence that was unconstitutional. *See id.*; *see also Pantoja v. State*, 496 S.W.3d 186, 193 n.4 (Tex. App.—Fort Worth 2016, pet. ref'd). We overrule his second issue.

## IV. CONCLUSION

The preponderance of the evidence was sufficient for the trial court to conclude that Davis violated the terms of his community supervision by

8

committing a new offense; therefore, the trial court did not abuse its discretion by finding the allegation true and revoking his community supervision. And Davis failed to make the required showing in the trial court to allow this court to assay his disproportionate-sentence claim. We overrule Davis's appellate issues and affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(a).

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL: GABRIEL, SUDDERTH, and KERR, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 3, 2017