

# NUMBER 13-18-00176-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

LESLIE HOWARD BARNHART,                         Appellant,

v.

THE STATE OF TEXAS,                              Appellee.

## On appeal from the 411th District Court
## of Polk County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Benavides**
**Memorandum Opinion by Justice Rodriguez**

Appellant Leslie Howard Barnhart appeals from the revocation of his community supervision. By one issue, Barnhart contends that his confinement in state jail for a term of twenty months was grossly disproportionate for the offense for which he was convicted. *See* U.S. CONST. amend. VIII; TEX. CONST. art. 1, § 13. We affirm.

## I.     BACKGROUND

On March 7, 2017, pursuant to an agreement with the State, Barnhart pleaded guilty to possession of less than one gram of methamphetamine, a state-jail felony offense.   *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West, Westlaw through 2017 1st C.S.).   The range of punishment for a state-jail felony is not more than two years or less than 180 days and a fine of not more than $10,000.   TEX. PENAL CODE ANN. § 12.35(a)–(b) (West, Westlaw through 2017 1st C.S.).   The trial court deferred a finding of guilt and placed Barnhart on community supervision for four years.

On February 21, 2018, at a hearing on the State's third amended motion to adjudicate guilt, the trial court heard testimony, after which the court found Barnhart had violated conditions of his community supervision, adjudicated him guilty, and sentenced him to twenty months in the state jail.   Barnhart did not object to the sentence imposed by the trial court and did not file a motion for new trial challenging the constitutionality of his sentence.   This appeal followed.

## II.     APPLICABLE LAW AND STANDARD OF REVIEW

The Eighth Amendment of the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines, nor cruel and unusual punishment inflicted." U.S. CONST. amend. VIII; *see* TEX. CONST. art. 1, § 13.   The Eighth Amendment applies to punishments imposed by state courts through the Due Process Clause of the Fourteenth Amendment.   U.S. CONST. amend. XIV.   A punishment within the limits prescribed by a valid statute "is not, per se, prohibited as cruel, unusual, or excessive." *Trevino v. State*, 174 S.W.3d 925, 928 (Tex. App.—Corpus Christi 2005, pet. ref'd).   And

when a sentence is within the prescribed statutory range set down by the legislature, sentencing authorities have nearly unfettered discretion to impose any punishment within that range.  *Ex parte Chavez*, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006).

### III.    PRESERVATION

The right to be free from cruel and unusual punishment and almost every constitutional or statutory right can be waived by failure to object.  *See Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986); *Noland v. State*, 264 S.W.3d 144, 151–52 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (concluding that by failing to object the appellant did not preserve an argument that the sentence was grossly disproportionate to offense); *Quintana v. State*, 777 S.W.2d 474, 479 (Tex. App.—Corpus Christi 1989, pet. ref'd) (holding that the defendant waived his cruel and unusual punishment argument by failing to object); *see also Maza v. State*, No. 13-14-00128-CR, 2015 WL 3637821, at *2 (Tex. App.—Corpus Christi June 11, 2015, no pet.) (mem. op., not designated for publication) (disagreeing with appellant's argument that he should be allowed to make his eighth amendment violation argument for the first time on appeal because he did not object in the trial court and thus his argument was not preserved).  To preserve a complaint of disproportionate sentencing, the criminal defendant must make a timely, specific objection to the trial court or raise the issue in a motion for new trial.  *See* TEX. R. APP. P. 33.1; *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd) (citing *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (en banc)); *Noland*, 264 S.W.3d at 151–52; *see also Trevino*, 174 S.W.3d at 927–28 ("Because the sentence imposed is within the punishment range and is not illegal, we conclude that the

3

rights [appellant] asserts for the first time on appeal are not so fundamental as to have relieved him of the necessity of a timely, specific trial objection.").

Barnhart did not object when the trial court imposed sentence and did not complain of the sentence in any post-trial motion that the sentence was excessive or violated the Eighth Amendment. Barnhart failed to preserve this issue for our review. *See* TEX. R. APP. P. 33.1; *Smith*, 721 S.W.2d at 855; *Kim*, 283 S.W.3d at 475; *Noland*, 264 S.W.3d at 151–52; *Trevino*, 174 S.W.3d at 927–28; *Quintana*, 777 S.W.2d at 479.

## IV.    CRUEL AND UNUSUAL PUNISHMENT

Even had Barnhart preserved error, his sentence of twenty months in state jail for his state-jail felony conviction, although at the top of the punishment range authorized by statute for the offense, falls within the legal range set down by the state legislature for that offense. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b); TEX. PENAL CODE ANN. § 12.35(a)–(b). So his sentence was not prohibited as per se excessive, cruel, or unusual. *See Trevino*, 174 S.W.3d at 928; *see also Cowan v. State*, No. 13-14-00358-CR, 2015 WL 4381090, *2 (Tex. App.—Corpus Christi July 16, 2015, no pet.) (mem. op., not designated for publication). Barnhart acknowledges these propositions.

Nonetheless, relying on *Hammer v. State* and *Reynolds v. State*, Barnhart challenges the proportionality of his punishment to the gravity of the offense for which he was convicted. *See Hammer v. State*, 461 S.W.3d 301, 303–04 (Tex. App.—Fort Worth 2015, no pet.); *Reynolds v. State*, 430 S.W.3d 467, 471 (Tex. App.—San Antonio 2014, no pet.). Barnhart's proportionality argument invokes the multi-factor test under which we consider:   (1) the gravity of the offense compared to the severity of the sentence; (2)

4

the offender's sentence compared to the sentences received by other offenders in the same jurisdiction; and (3) the offender's sentence compared to the sentences imposed for the same crime in other jurisdictions. *Graham v.* Florida, 560 U.S. 48, 60 (2010); See 463 U.S. 277, 291–92 (1983); *Solem v. Helm*, 463 U.S. 277, 291–92 (1983).

Evaluating the gravity of the offense he committed, we note that there was testimony at the revocation hearing that Barnhart violated the conditions of community supervision by testing positive for methamphetamine on numerous occasions and was found to be in possession of methamphetamine and a syringe on one occasion. However, even resolving the gravity of the offense factor in Barnhart's favor, we must still consider sentences imposed for the same crime in the same jurisdiction and in other jurisdictions. *See Hammer*, 461 S.W.3d at 304. And Barnhart affirmatively states that he is not complaining of disproportionate sentencing with respect to sentences imposed on other defendants who have committed the same or similar offenses; rather, he only complains that his sentence is disproportionate for the gravity of the crime he committed. Moreover, the record does not inform us of sentences imposed in this or other jurisdictions for such an offense committed by a person with a history similar to Barnhart's. *See id.* We are not persuaded by Barnhart's argument.

Nothing in the record shows that the twenty-month state-jail sentence imposed in this case constitutes a grossly disproportionate sentence or cruel and unusual punishment in violation of the Eighth Amendment to the Constitution of the United States. We cannot conclude that the trial court abused its nearly unfettered discretion in imposing the twenty-month sentence. *See Ex parte Chavez*, 213 S.W.3d at 323. Even had

Barnhart preserved this issue, the sentence falls within the punishment range and is neither prohibited as per se excessive, cruel, or unusual nor disallowed as an abuse of discretion. *See id.*; *Trevino*, 174 S.W.3d at 928. We overrule Barnhart's sole issue.

## V. CONCLUSION

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ<br>
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
29th day of August, 2018.