

IN THE
TENTH COURT OF APPEALS

—————————

No. 10-17-00401-CR

BOBBY JOE NICHOLS, JR.,

Appellant

 v.

THE STATE OF TEXAS,

Appellee

—————————

From the 54th District Court
McLennan County, Texas
Trial Court No. 2016-986-C2

MEMORANDUM OPINION

Bobby Joe Nichols, Jr. appeals from a conviction for failure to register as a sex offender for which he was sentenced to ten years in prison. Nichols complains that his sentence violated the Eighth Amendment's prohibition against cruel and unusual punishment, violated Article I, Section 13 of the Texas Constitution's guarantee against cruel or unusual punishment, and violated the Eighth Amendment and Article I, Section 13 of the Texas Constitution's prohibition against unusual punishment because it was grossly disproportionate.

The Eighth Amendment to the Constitution of the United States provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII. This provision was made applicable to the states by the Due Process Clause of the Fourteenth Amendment. *Robinson v. California*, 370 U.S. 660, 675, 82 S. Ct. 1417, 8 L. Ed. 2d 758 (1962). The Texas Constitution provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishment be inflicted." TEX. CONST. art. I, § 13.

In issues two and three, in addition to his complaints regarding the United States Constitution, Nichols complains that his sentence violates the Texas Constitution which should provide different protections than the United States Constitution due to the difference in the phrase "cruel *and* unusual punishment" contained in the Eighth Amendment and "cruel *or* unusual punishment" contained in Article I, Section 13 of the Texas Constitution. (emphasis added). However, the Court of Criminal Appeals has considered the distinction between "and" and "or" and determined that there is no significant difference between protection against cruel "and" unusual punishment under the United States Constitution and the protection against cruel "or" unusual punishment under the Texas Constitution. *Cantu v. State*, 939 S.W.2d 627, 645 (Tex. Crim. App. 1997). Because we are required to follow established precedent of the Court of Criminal Appeals, we cannot say that the Texas Constitution provides any additional protections on this basis. We will therefore consider Nichols's issues pursuant to the same standards in the two constitutions.

When a sentence falls within the range of punishment provided by the legislature, it is generally not grossly disproportionate to the offense committed. *State v. Simpson*, 488 S.W.3d 318, 323 (Tex. Crim. App. 2016). Here, Nichols concedes that his ten year sentence is within the statutory range of punishment for the offense of which he was convicted. *See* TEX. PENAL CODE ANN. § 12.34 (punishment for third degree felony is two to ten years' imprisonment); TEX. CODE CRIM. PROC. ANN. § 62.102(b)(2) (offense is third degree felony).

However, even if a sentence falls within the statutory punishment range, the sentence may violate the Eighth Amendment if the sentence is grossly disproportionate to the offense or to sentences in other similar offenses. *See Solem v. Helm*, 463 U.S. 277, 289-90, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). To determine whether a sentence for a term of years is grossly disproportionate for a particular defendant's crime, we consider the severity of the sentence in light of the harm caused or threatened to the victim, the culpability of the offender, and the offender's prior adjudicated and unadjudicated offenses. *State v. Simpson*, 488 S.W.3d 318, 323 (Tex. Crim. App. 2016) (*citing Graham v. Florida*, 560 U.S. 48, 60, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010); *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992) (noting that the Supreme Court's holding in *Harmelin v. Michigan*, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991), modified the gross-disproportionality test previously set out in *Solem*, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983)). In the rare case in which this analysis leads to an inference of gross disproportionality, we compare the defendant's sentence with the sentences received by

other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions. *Graham*, 560 U.S. at 60. If this comparative analysis confirms that the sentence is grossly disproportionate, the sentence is cruel and unusual. *Id*.

As a prerequisite to presenting a complaint regarding gross disproportionality for appellate review, the record must show that the complaint was made to the trial court either by objection or through a motion for new trial, and the trial court either ruled against or refused to rule on the complaint. TEX. R. APP. P. 33.1(a). Nichols filed a motion for new trial in which he called to the attention of the trial court that he challenged the sentence assessed against him, specifically alleging that the sentence created a violation of the prohibition against cruel and unusual punishment as proscribed by the Eighth Amendment of the United States Constitution and was also a violation of the prohibition against cruel or unusual punishment as set forth in Article 1, Section 13 of the Texas Constitution. Nichols claimed the penalty which he was assessed is grossly disproportionate to the conduct which precipitated the charge, which was the failure to register as a sex offender because his business address had changed to his personal residence when he began working from home. His home address was already registered as his home address and did not change. Nichols contends that there was no evidence presented of additional offenses committed by him because he denied each contention when asked by the State regarding pending allegations of criminal conduct against him. Nichols argues that when weighing the severity of the sentence in light of the harm caused or threatened in what is in essence, a "technical and harmless" crime, the sentence

of the maximum punishment allowed is grossly disproportionate.

In an effort to comply with the second and third prongs of the tests in *Solem* and *Harmelin*, Nichols has provided us with what he represents to be the statutes and ranges of punishment for the forty-nine other states which would be the equivalent or rough equivalent of the punishment range for the level of registration in Texas's offense of failure to register as a sex offender. *See* TEX. CODE CRIM. PROC. ANN. § 62.102(b)(2). It is pointed out in Nichols's brief that eight other states have statutes which impose penalties which are the same or more severe than Texas. However, the range of statutory penalties of the various states is not one of the measures under the three-pronged test mentioned in *Solem* and *Harmelin*; the test, rather, is the range of sentences which are actually assessed. No proof of the sentences that even might potentially be actually assessed has been provided.

Additionally, when a claim of this nature has not been presented to the trial court, the trial court has had no opportunity to examine its ruling in light of the claim of disproportionality. Nichols did file a motion for new trial which raises the issue of disproportionate sentencing. However, at the hearing on that motion, no evidence or argument was presented which would go toward satisfaction of the tests which must be met under *Solem* and *Harmelin*. The trial court was not presented with the extensive list of statutes from across the nation as presented to this Court to aid it in ruling on this issue once it was raised. Even if we were to conclude that the threshold factor in *Solem* and *Harmelin* should be resolved in Nichols's favor, because he failed to proffer evidence to

the trial court with his motion for new trial showing sentences for failure to register as a sex offender in this or other jurisdictions involving defendants with a criminal history similar to his, Nichols failed to carry his burden to show that his ten-year sentence was a grossly disproportionate sentence that was unconstitutional. *See Hammer v. State*, 461 S.W.3d 301, 304 (Tex. App.—Fort Worth 2015, no pet.).

The trial court must be given the opportunity to rule on the issues and should be accorded the opportunity to be informed prior to making its decision. When the trial court has not been presented the evidence upon which to rule, even if the burden had been met at this level to show the imposition of a disproportionate sentence, this claim has not been adequately preserved for appeal. *See Pantoja v. State*, 496 S.W.3d 186, 193 n.4 (Tex. App.—Fort Worth 2016, pet. ref'd). Nichols's issue regarding disproportionate sentencing is overruled.

**CONCLUSION**

Having found no reversible error, we affirm the judgment of the trial court.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Neill
Affirmed
Opinion delivered and filed October 9, 2019
Do not publish
[CR25]

