**Opinion filed August 5, 2021**



# In The

# Eleventh Court of Appeals

_____

## No. 11-19-00251-CR

_____

## CREED JONES, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 238th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR52312**

## MEMORANDUM OPINION

The grand jury indicted Creed Jones for the first-degree felony offense of murder, a second-degree felony offense of tampering with evidence, and a third-degree felony offense of tampering with evidence. Appellant pled guilty before the jury to each offense, and the jury, as instructed, found Appellant guilty of each offense. After the trial on punishment, the jury assessed Appellant's punishment at confinement for thirty-five years for the count of murder, five years for the first count

of tampering with evidence, and three years for the second. The trial court sentenced him accordingly. We affirm.

*Issues*

On appeal, Appellant presents two issues and argues that (1) his sentence was excessive and (2) the State made improper remarks during closing argument.

*Background Facts*

As Appellant does not challenge the sufficiency of the evidence on appeal, we will only briefly recount those facts necessary to resolve the issues. Appellant pled guilty to the murder of his friend Jordan Baker, whom he shot in the abdomen. At the trial on punishment, Appellant presented evidence of several mitigating circumstances to the jury, such as his troubled home life caused by his mother, who was addicted to methamphetamine; his own addiction to methamphetamine; his being under the influence of methamphetamine at the time of the shooting; his mother pressuring him to shoot Baker; his mother's boyfriend threatening to kill Appellant if he did not shoot Baker; and Appellant's young age—he was sixteen years old at the time of the shooting. The jury assessed Appellant's punishment on each of the three counts. A motion for new trial was filed on July 30, 2019, but it was denied by written order on August 1, 2019. A second motion for new trial was filed on August 1, 2019, and it was denied by operation of law.

*Analysis*

In his first issue, Appellant claims that his sentence of thirty-five years for the murder amounted to cruel and unusual punishment in violation of the United States and Texas Constitutions. In general, to preserve error, a complaint must be made to the trial court by a "a timely request, objection, or motion" stating the grounds for the desired ruling, and the trial court must either rule or refuse to rule on the request,

objection, or motion. TEX. R. APP. P. 33.1(a)(2). Our law is well-established that almost every right, constitutional and statutory, may be waived by the failure to object. *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986). "A party must make the complaint at the earliest possible opportunity, and the point of error on appeal must comport with the objection made at trial." *Yazdchi v. State*, 428 S.W.3d 831, 844 (Tex. Crim. App. 2014).

The State asserts that Appellant failed to preserve this issue for review because he made no objection to the length of his thirty-five-year sentence—even though he had the opportunity to object in open court when the jury's verdict was read or when Appellant was sentenced by the trial court. We disagree. We do not believe that the cases cited by the State, such as *Hardeman* and *Solis*, control the issue of preservation in this case. *See Hardeman v. State*, 1 S.W.3d 689, 690 (Tex. Crim. App. 1999) (finding that, because defendant had the opportunity to object but did not, he did not preserve error with respect to trial court's failure to hold a separate punishment hearing—even though he timely filed a motion for new trial); *Solis v. State*, 945 S.W.2d 300, 301–02 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd) (holding that issue related to the length of sentence was not preserved for review where it was not raised when the sentence was assessed or in a motion for new trial but was, instead, raised for the first time on appeal).

Here, Appellant timely filed a motion for a new trial in which he claimed that his sentences "amounted to cruel and unusual punishment in violation of both the . . . United States Constitution . . . and . . . the Texas Constitution." We hold that, because Appellant raised the issue in his motion for new trial, it was preserved for our review. *See Pantoja v. State*, 496 S.W.3d 186, 193 (Tex. App.—Fort Worth, 2016, pet. ref'd) (holding that issue of cruel and unusual punishment was preserved

3

when raised in a motion for new trial); *Reynolds v. State*, 430 S.W.3d 467, 471 (Tex. App.—San Antonio 2014, no pet.) (same); *see, e.g.*, *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (holding that to preserve disproportionate-sentencing complaint, defendant must make timely, specific objection in trial court or raise the issue in motion for new trial); *Noland v. State*, 264 S.W.3d 144, 151–52 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (same); *Trevino v. State*, 174 S.W.3d 925, 927–28 (Tex. App.—Corpus Christi–Edinburg 2005, pet. ref'd) (same); *Papillion v. State*, 908 S.W.2d 621, 623 (Tex. App.—Beaumont 1995, no pet.) (holding defendant preserved cruel-and-unusual-punishment issue for appeal by asserting it in timely filed motion for new trial despite failure to object at sentencing).

With respect to the merits of Appellant's first issue, that law is such that, generally, so long as the penalty imposed is within that prescribed by statute, it is not excessive, cruel, or unusual. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984); *Hammer v. State*, 461 S.W.3d 301, 303–04 (Tex. App—Fort Worth 2015, no pet.); *Rodriguez v. State*, 917 S.W.2d 90, 92 (Tex. App.—Amarillo 1996, pet. ref'd); *Davis v. State*, 905 S.W.2d 655, 664–65 (Tex. App.—Texarkana 1995, pet. ref'd). A first-degree felony offense of murder carries a punishment range of "life or for any term of not more than 99 years or less than five years." TEX. PENAL CODE ANN. § 12.32 (West 2019). A punishment assessed by the jury at thirty-five years is significantly within the range of punishment set by the legislature. Thus, it is not excessive. *See Moton v. State*, 540 S.W.2d 715, 716 (Tex. Crim. App. 1976) (overruling issue where sentence was within range of punishment); *Green v. State*, 510 S.W.2d 919, 922 (Tex. Crim. App. 1974) (finding no error where sentence was within range of punishment); *Hill v. State*, 493 S.W.2d 847, 849 (Tex. Crim. App. 1973) (affirming sentence within range of punishment).

A sentence may constitute cruel and unusual punishment, despite falling within the statutory range, if the sentence is grossly disproportionate to the offense. *Solem v. Helm*, 463 U.S. 277, 288 (1983); *see Graham v. Florida*, 560 U.S. 48, 60 (2010); *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring in part and concurring in judgment). Appellate courts evaluate the proportionality of a sentence by applying the *Solem* three-pronged test, *see Solem*, 463 U.S. at 292, as explained by the Fifth Circuit in *McGruder v. Puckett*, 954 F.2d 313, 315–16 (5th Cir. 1992). The test requires that the court make a threshold comparison between the gravity of the offense and the severity of the imposed sentence. *McGruder*, 954 F.2d at 316; *see Solem*, 463 U.S. at 292. If the court concludes that the sentence is grossly disproportionate to the offense, it should then consider the remaining factors of the test and compare the sentence imposed to sentences for the same crime in other jurisdictions and similar crimes in this jurisdiction. *McGruder*, 954 F.2d at 316; *see Solem*, 463 U.S. at 292. Reviewing courts must accord legislatures and sentencing courts "substantial deference"; therefore, reviewing courts will rarely be required to engage in an extended analysis. *Solem*, 463 U.S. at 290 n.16.

Here, Appellant pled guilty to murder, a first-degree felony. Murder, as charged in the first paragraph of Count One of the indictment, is an offense against the person by which a defendant intentionally and knowingly causes the death of an individual. PENAL § 19.02(b)(1). In pleading guilty, Appellant admitted that he intentionally and knowingly caused the death of the victim. The record establishes that Appellant chose to pull the trigger and shoot Baker and that he then allowed him to bleed out on the floor of the house for some seven hours. Appellant then wiped down the body, hid the gun used to kill Baker, and helped his mother and her

boyfriend cover up the murder. The gravity of the offense is severe, and under the circumstances, it cannot be said that the sentence was excessive.

Regarding the severity of punishment, the jury could have assessed a punishment of five to ninety-nine years or life. PENAL § 12.32. A thirty-five-year sentence was considerably less than the maximum punishment allowed. And here, the punishment is not "manifestly unjust," does not shock the conscience, and does not show bias. *See Flores v. State*, 936 S.W.2d 478 (Tex. App.—Eastland 1996, pet. ref'd ).

Appellant neither specifically mentions nor cites authority regarding his sentences for the two counts of tampering with evidence, and he provides no support for any complaint as to those two offenses. Thus, Appellant has not preserved for appellate review any such issues in the event that any complaint of excessiveness was intended. *See* TEX. R. APP. P. 38.1(i). Appellant pled guilty to both second- and third-degree felony offenses of tampering with evidence, and he received a five-year and three-year sentence for those offenses, although the jury could have assessed maximum sentences of twenty and ten years, respectively. PENAL §§ 12.33, 12.34. Consistent with our discussion above regarding sentencing for the first-degree felony of murder, we note that the sentences assessed by the jury for both tampering offenses are well within the applicable range of punishment, and we do not find that they are excessive, particularly in light of the grisly acts committed by Appellant of wiping down the body and hiding the weapon he used to murder the victim. We overrule Appellant's first issue.

In his second issue, Appellant claims that the State made inappropriate comments during closing argument. Specifically, Appellant argues that the State's comment that Appellant's actions were "cruel and calloused" "contributed to the

jury being inflamed beyond the point of actually considering mitigating factors." However, Appellant made no objection to the State's comments during closing argument. Appellant also made no specific mention of this issue in his motions for a new trial—other than the global and vague statement "[p]otentially improper remarks made by the state's attorney." Nowhere in the motion does it identify which remarks, or why or how such remarks, were allegedly improper, nor does it identify *when* during the entire trial that such statements could have been made. But more importantly, improper jury argument must be timely objected to at trial to give the trial court the opportunity to address the argument, sustain or overrule an objection to same, instruct the jury, and cure or at least diminish any potential harm thereby. *See* TEX. R. APP. P. 33.1; *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). Thus, Appellant has not preserved error

Regardless, we hold that the phrase "cruel and calloused" used in closing argument and now complained of on appeal was within the bounds of reasonable deduction from the evidence of the murder itself as well as the attempted cover-up. Further, the State's argument was appropriate as an answer to opposing counsel's argument that Appellant was the victim and should be extended mercy by the jury. "[P]roper jury argument generally falls within one of four general areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement." *Brown v. State*, 270 S.W.3d 564, 570 (Tex. Crim. App. 2008). The use of "cruel" and "callous" was used a single time and was not used as a theme of the State's closing. The State drew reasonable, fair, and legitimate inferences from the act of murder generally, which were not violative of statute and did not inject new and harmful facts into the case. *See Temple v. State*, 342 S.W.3d 572, 602–03 (Tex.

App.—Houston [14th Dist.] 2010), *aff'd*, 390 S.W.3d 341 (Tex. Crim. App. 2013). Nor was the State's characterization manifestly improper, harmful, or prejudicial to the rights of one who had pled guilty to murder. *See Brown*, 270 S.W.3d at 570; *see also* TEX. R. APP. P. 44.2(b). We overrule Appellant's second issue.

*This Court's Ruling*

We affirm the judgments of the trial court.

W. BRUCE WILLIAMS
JUSTICE

August 5, 2021

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.