

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00002-CR
_____

MILES JOSHUA WOODS, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 213th District Court
Tarrant County, Texas
Trial Court No. 1466397D

---

Before Kerr, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Kerr

**MEMORANDUM OPINION**

Appellant Miles Joshua Woods pleaded guilty to the second-degree-felony offense of aggravated assault with a deadly weapon (a lesser-included offense)[1] in exchange for eight years of deferred-adjudication community supervision. *See* Tex. Penal Code Ann. § 22.02(a)(2), (b).

The State subsequently petitioned to proceed to adjudication, and Woods pleaded true to the State's allegations.[2] The trial court found the allegations true, adjudicated Woods guilty, and sentenced him to 12 years' confinement. *See id.* § 12.33(a) (stating second-degree-felony punishment range of 2 to 20 years); *Hammer v. State*, 461 S.W.3d 301, 303–04 (Tex. App.—Fort Worth 2015, no pet.) ("Generally, punishment within the statutory limits is not excessive, cruel[,] or unusual."). Woods raised no objections at the punishment hearing or upon his sentence's pronouncement. In his motion for new trial, Woods argued only that "[t]he verdict is contrary to the law and evidence. There is newly discovered evidence."

Woods complains on appeal that his sentence is grossly disproportionate to the offense and therefore violates the Eighth Amendment prohibition on cruel and unusual punishment. Because Woods failed to raise this complaint in the trial court by

[1]Woods had been charged with having killed Alfredo Luna by stabbing him with a knife in July 2016.

[2]The State alleged that Woods had violated his community supervision by using, possessing, or consuming alcohol, by committing a DWI, and by being unsuccessfully discharged from the SWIFT court program.

objecting to the length of his sentence following pronouncement or by asserting any challenge to it in his motion for new trial, he has failed to preserve it for appeal. *See* Tex. R. App. P. 33.1(a); *Sample v. State*, 405 S.W.3d 295, 303–04 (Tex. App.—Fort Worth 2013, pet. ref'd). We overrule Woods's sole point and affirm the trial court's judgment.

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: June 8, 2023