

## NUMBER 13-24-00377-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

SYRUS ANDERSON JR.,                                    Appellant,

v.

THE STATE OF TEXAS,                                    Appellee.

### ON APPEAL FROM THE 24TH DISTRICT COURT
### OF CALHOUN COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Fonseca**
**Memorandum Opinion by Justice West**

Appellant Syrus Anderson Jr. was convicted of tampering with physical evidence, a third-degree felony. *See* TEX. PENAL CODE ANN. § 37.09. By one issue, appellant asserts his sentence is cruel and unusual in that it is disproportionate to the severity of the crime for which he was convicted. We affirm.

## I.    BACKGROUND

Appellant was indicted for destroying methamphetamine in his possession "with intent to impair its availability as evidence" during a probable cause search. Appellant pleaded guilty to the offense pursuant to a plea agreement with the State of Texas. The trial court, following the terms of the plea agreement, adjudicated appellant guilty, sentenced appellant to ten years' incarceration, suspended the sentence, and placed appellant on community supervision for eight years.

Later, the State filed a motion to revoke community supervision, alleging that appellant violated several conditions of his community supervision. After a hearing on the State's motion to revoke, the trial court found all of the violations to be true, adjudicated appellant guilty, and sentenced him to six years' imprisonment. This appeal followed.

## II.    DISCUSSION

Appellant argues that this Court should overturn his conviction because his punishment is disproportional to the offense and violates his Eighth Amendment right against cruel and unusual punishment. To preserve a complaint that a sentence is disproportionate or constitutes cruel and unusual punishment for appellate review, a defendant must lodge a timely objection or complaint at the trial court, typically at the time of disposition or in a motion for new trial. *See* TEX. R. APP. P. 33.1(a); *Trevino v. State*, 676 S.W.3d 726, 730 (Tex. App.—Corpus Christi–Edinburg 2023, no pet.). Appellant made no objection to his sentence to the trial court on any grounds, either at the time of sentencing or in any post-trial motion. Because appellant never objected to his sentence, appellant failed to preserve his grossly disproportionate sentence argument. *See* TEX. R. APP. P. 33.1(a); *Trevino*, 676 S.W.3d at 730.

Even absent waiver, we conclude that appellant's sentence did not constitute cruel or unusual punishment. As appellant acknowledges in his appellate brief, it is undisputed that the sentence imposed was within the statutory limits of a third-degree felony. *See* TEX. PENAL CODE ANN. § 12.34 (providing that the range of punishment for a third-degree felony is not more than ten years or less than two years). Generally, if a sentence is assessed within the legislatively determined range, it will not be found unconstitutional. *State v. Simpson*, 488 S.W.3d 318, 323 (Tex. Crim. App. 2016). Appellant nevertheless argues that his sentence falls under a narrow exception to the general rule: that his sentence is grossly disproportionate, and, therefore, constitutes cruel and unusual punishment. *See Alvarez v. State*, 525 S.W.3d 890, 892 (Tex. App.—Eastland 2017, pet. ref'd) ("[A]n individual's sentence may constitute cruel and unusual punishment, despite falling within the statutory range, if it is grossly disproportionate to the offense." (citing *Solem v. Helm*, 463 U.S. 277, 287 (1983))).

To determine whether a sentence is grossly disproportionate, "a court must judge the severity of the sentence in light of the harm caused or threatened to the victim, the culpability of the offender, and the offender's prior adjudicated and unadjudicated offenses.'" *Simpson*, 488 S.W.3d at 323. "In the rare case in which this threshold comparison leads to an inference of gross disproportionality, the court should then compare the defendant's sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions." *Id.* "If this comparative analysis validates an initial judgment that the sentence is grossly disproportionate, the sentence is cruel and unusual." *Id.*

3

Appellant's entire argument is as follows:

> Appellant testified at the revocation hearing and explained to the court the reasons for his inability to complete the conditions of his community supervision that make up the basis for the State's motion to revoke.

> A sentence of six years in this case is not reasonable or just, it is excessive. Appellant was not on probation for a crime of violence and described to the court his physical injuries and limitations, a hernia, as well as his struggles with mental health issues, including schizophrenia, and his substance abuse. (Appellant had a history of a recent suicide attempt.) Appellant testified to his employment and committed to making the court-ordered payments, as his term of supervision was set to expire in five years. A six[-]year sentence is disproportionate to the conduct Appellant committed, and his sentence should be overturned.

(Citations to the record omitted). However, despite appellant's argument, we evaluate a disproportionate-sentencing claim by comparing an appellant's sentence with the underlying offense for which he was adjudicated guilty, not the violations that the trial court found to be true, and which served as the basis of his revocation. *See Sullivan v. State*, 975 S.W.2d 755, 756 (Tex. App.—Corpus Christi–Edinburg 1998, no pet.); *Hammer v. State*, 461 S.W.3d 301, 304 (Tex. App.—Fort Worth 2015, no pet.) ("In resolving an Eighth Amendment disproportionality complaint, we first compare the gravity of the offense to the severity of the sentence. We evaluate the original offense, not community supervision violations, in making this comparison.").

Moreover, even if we were to assume a threshold inference of disproportionality, appellant provided no evidence necessary for this Court to compare his sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions. *See Simpson*, 488 S.W.3d at 323; *Trevino*, 676 S.W.3d at 730. Absent this comparative analysis, we are unable to conclude that the sentences are grossly disproportionate. *See Trevino*, 676 S.W.3d at 730–31

(rejecting Eighth Amendment challenge where appellant offered no comparative evidence of sentences received by other offenders); *see also Carter v. State*, No. 13-24-00147-CR, 2024 WL 3448884, at *4 (Tex. App.—Corpus Christi–Edinburg July 18, 2024, no pet.) (mem. op., not designated for publication) (same); *Esquivel v. State*, No. 13-21-00179-CR, 2022 WL 17492274, at *2 (Tex. App.—Corpus Christi–Edinburg Dec. 8, 2022, pet. ref'd) (mem. op., not designated for publication) (same).

We overrule appellant's sole issue.

## I.    CONCLUSION

The trial court's judgment is affirmed.

JON WEST
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
31st day of July, 2025.